WILL COUNTY TITLE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 91448. Promulgated December 15, 1938.

*Harry W. Bank, Esq.*, for the petitioner.
*J. P. Wenchel, Esq.*, for the respondent.

#### OPINION.

ARUNDELL: The petition in this case is based on determinations of the Commissioner as follows:

| | |
|---|---:|
| 1933, income tax overassessment | $57.92 |
| 1934, income tax deficiency | 529.25 |
| 1934, excess profits tax overassessment | 745.04 |

The parties have stipulated that for the year 1933 the Board may enter an order dismissing the proceeding for lack of jurisdiction. For the year 1934 the parties have stipulated to submit the question of jurisdiction for determination.

As set out above, the respondent has determined a deficiency in income tax in the amount of $529.25 and an overassessment of excess profits tax in the amount of $745.04, making a net overassessment of both taxes in the amount of $215.79. Section 272 of the Revenue Act of 1934 gives taxpayers the right to petition the Board for a redetermination of deficiencies determined by the Commissioner in respect of the tax imposed by title I of the act. Section 13 of title I imposes the corporate income tax. The facts concerning the income tax involved in this case bring it within these provisions. That is, the Commissioner has determined a deficiency in the corporate income tax, he has sent a notice of his de-

termination to the taxpayer, and the taxpayer has petitioned for redetermination. Every jurisdictional element is present in respect of the income tax.

The excess profits tax is imposed by section 702 (a), which is a part of title V of the Revenue Act of 1934. Section 702 (b) provides as follows:

All provisions of law (including penalties) applicable in respect of the taxes imposed by Title I of this Act, shall, insofar as not inconsistent with this section, be applicable in respect of the tax imposed by this section, except that the provisions of section 131 of that title shall not be applicable.

The effect of this provision is to permit the filing of petitions for redetermination of deficiencies in excess profits tax in the same manner as deficiencies in income tax. It does not authorize a petition in any case other than where there has been a determination of a deficiency. In a long line of cases, of which *Cornelius Cotton Mills*, 4 B. T. A. 255, is a leading one, we have held that the determination of a deficiency is vital to our jurisdiction, and that we have no jurisdiction where the Commissioner determines that there is an overassessment. As the basic jurisdictional element of the determination of a deficiency is the same under both the income tax and excess profits tax provisions of the statute, the holdings in the income tax cases on the jurisdictional question here presented require a like holding here. We are accordingly of the opinion, and so hold, that we have no jurisdiction in this proceeding in so far as the petition is based on the Commissioner's determination of an overassessment of excess profits tax.

The fact that the Commissioner's determinations concerning the two taxes result in a net overassessment does not oust us of jurisdiction over the petition for redetermination of the income tax deficiency. The two taxes are imposed by entirely separate provisions of the statute. The combination of the two determinations in one mathematical calculation does not change the fact that there has been a determination of a deficiency in the income tax, and a proper petition for redetermination thereof is within our jurisdiction.

The parties have stipulated that if we hold that we have jurisdiction with respect to income tax but not as to excess profits tax, we may enter decision that there is a deficiency in income tax for 1934 in the amount of $395.19.

> *Order will be entered dismissing the proceeding in so far as it pertains to 1933 and to excess profits tax for 1934; decision will be entered that there is a deficiency in income tax for 1934 in the amount of $395.19.*