SCAIFE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.*

Docket No. 106794.  Promulgated October 30, 1942.

*Samuel Kaufman, Esq.*, for the petitioner.
*J. Harrison Miller, Esq.*, for the respondent.

---

\* Prior to October 22, 1942, this report was approved for promulgation.

OPINION.

DISNEY: This proceeding involves excess profits tax and income tax for the taxable year 1937. The return was filed with the collector for the twenty-third district of Pennsylvania. The case was submitted upon the pleadings. Respondent determined a deficiency in excess profits tax of $1,221.66 and an overassessment in income tax of $85.58. Both the deficiency and the overassessment arose out of a reduction of the declared value of capital stock. The petitioner filed this proceeding before the Board, alleging as error only the Commissioner's refusal to allow a declared value of $1,000,000 as the basis of computation of excess profits taxes. No allegations were made in the petition with reference to the overassessment. The petitioner now admits the deficiency in excess profits tax in the amount of $1,221.66 and does not contest the deficiency. However, at the hearing, by permission given, the petitioner filed an amendment to its petition to allege error in the refusal of the Commissioner to determine the entire deficiency for the taxable year in one net amount rather than two separate amounts, alleging as ground therefor as follows:

Petitioner is informed, believes and avers that because of the dependency on each other of the normal income tax, the surtax on undistributed profits and the excess profits tax, the liabilities therefor constitute an aggregate or net amount rather than separable amounts.

Upon brief the petitioner, in substance, argues that there is no dispute about the amount either of the $1,221.66 deficiency in excess profits tax, or the overassessment of $85.58 in income tax, but that, since both arose as to the same year and out of the same fact, to wit, the reduction of the declared value of capital stock, the Board has jurisdiction to enter and should "enter judgment in the net amount of income and excess profits taxes due"; that petitioner is not seeking a redetermination of the liability for either income or excess profits tax, but is "rather in need of application of the doctrine of recoupment out of the excess profits tax of the overassessment of the income tax, both determinations by the respondent being based upon the same transaction." It is admitted that there is no authority precisely in point and that the petitioner's only argument is based upon the argument of doing equity under the particular circumstances of this case. The brief points out that at the date of the filing of the petition herein it was too late to make a claim for refund and that the respondent omitted in the deficiency notice to follow his usual procedure of inviting a timely claim for refund of the overassessment. It is admitted, however, that petitioner had sufficient time after the receipt of the notice of deficiency within which to make a claim for refund, but it is suggested, in effect, that the situation would be the same had the

respondent deferred mailing the notice of deficiency until the time to file claim for refund had expired.

The respondent on his part argues that the Commissioner determined no deficiency in income tax liability and that the Board is without jurisdiction "to redetermine the said income tax liability on the basis of a petition filed against the determination of a deficiency in the excess-profits tax for that year," and says that the Board has no jurisdiction under *Will County Title Co.*, 38 B. T. A. 1396, and *Superheater Co.* v. *Commissioner*, 125 Fed. (2d) 514.

We do not find either of these cases exactly in point. In the *Will County Title Co.* case income taxes and excess profits taxes for 1934 were involved, and the Commissioner determined as to income tax a deficiency of $529.25 and as to excess profits tax an overassessment of $745.04. The only assignment of error contained in the petition was the failure of the Commissioner to allow as a deduction certain obsolescence, and apparently both determinations, of deficiency and overassessment, arose therefrom. The Board held that there was no jurisdiction, in so far as the petition was based upon the Commissioner's determination of an overassessment of excess profits tax, stating that "The two taxes are imposed by entirely separate provisions of the statute." The case indicates no contention by the petitioner that overassessment should be offset against deficiency, but rather that the petitioner's view was that there was jurisdiction because of net overassessment, considering both the income and the excess profits taxes. Here the petitioner does not so urge, but contends that it is not asking redetermination of income tax, as to which there was no deficiency, but only for equitable treatment in the nature of recoupment. Do we have jurisdiction to grant such relief?

In the absence of statutory provisions extending its jurisdiction a court may entertain a counterclaim, set-off, or reconvention only where it would have jurisdiction to entertain the claim originally; and the cross demand must be within the jurisdiction of the court as to subject matter, amount, or territorial limitations * * *. [57 C. J. 374.]

Among the citations for the above statement is *In re Patterson-Mac-Donald Shipbuilding Co.*, 284 Fed. 281. There a bankruptcy court was held to be without jurisdiction to render a judgment on a cross petition against a creditor's claim. To the same effect are *In re T. M. Lesher & Son*, 176 Fed. 650, and *Pennsylvania R. Co.* v. *Musante-Phillips, Inc.*, 42 Fed. Supp. 340. Petitioner does not argue that we have jurisdiction as to the overassessment of income tax, and under the above authority we think it clear that we have no jurisdiction to give effect to a cross demand founded thereon. To hold otherwise and to deduct from the amount of the admitted deficiency the amount of the overassessment would be to exercise authority over a refund, which authority Congress has not given. It would also be to disregard the

statute of limitations as to refunds which had run at the time of the filing of the petition.  We hold that we have no jurisdiction, equitable or otherwise, to grant such relief.

*Decision will be entered for the respondent.*