**MIAMI VALLEY COATED PAPER CO.**
v.
**COMMISSIONER OF INTERNAL REVENUE.**
No. 11919.

United States Court of Appeals
Sixth Circuit.
April 9, 1954.

Scott P. Crampton, Washington, D. C. (Carl K. Goodson, Washington, D. C., Hugh E. Wall, Jr., Dayton, Ohio, on the brief), for petitioner.

Carolyn R. Just, Washington, D. C. (H. Brian Holland, Ellis N. Slack, Joseph F. Goetten, Washington, D. C., on the brief), for respondent.

Before SIMONS, Chief Judge, and McALLISTER and MILLER, Circuit Judges.

SIMONS, Chief Judge.

The question presented by this appeal is whether a taxpayer who, after the Commissioner has determined deficiencies in excess profit taxes declared value excess profits taxes and income taxes, filed a timely petition for redetermination only of the excess profits tax, may, after the statutory period for filing a petition to the Tax Court has run, amend its original petition for the purpose of seeking a redetermination of deficiencies in taxes not originally sought. The Tax Court, following its previous adjudications in analogous cases, answered the question in the negative, and this appeal followed.

On June 9, 1950, the Commissioner of Internal Revenue, pursuant to §§ 272 and 732 of the Internal Revenue Code, 26 U.S.C.A. §§ 272, 732, mailed to the petitioner a combined notice of deficiencies in income tax in declared value excess profit tax and excess profit taxes and also disallowed a claim for refund of excess profits taxes. Within the 90-day period allowed by §§ 272 and 732, the petitioner, on August 28, 1950, filed with the Tax Court a petition seeking redetermination of the Commissioner's disallowances of claims for relief applied for under § 722. The petition stated: "The taxes in controversy are excess profits taxes for the fiscal years ended April 30, 1944, April 30, 1945, and April 30, 1946. * * *" Within the 60 days allowed by Rule 14 of the Tax Court Rules of Practice, the Commissioner filed his answer. The proceeding was then placed upon the calendar for hearing. Two years later, on October 24, 1952, before the case had been set for trial, the petitioner filed an amended petition, raising new issues with respect to the excess profits taxes challenged by the original petition but also alleging errors by the Commissioner in his assertion of deficiencies in income tax and declared value excess profits taxes. The Tax Court granted the Commissioner's motion to dismiss but only insofar as it related to deficiencies in income taxes and declared value excess profits taxes. It declined to dismiss insofar as it related to new issues in respect to the excess profits tax. The dismissal was summary for lack of jurisdiction, without argument or citation of applicable law.

The so-called 90-day letter is based upon § 272(a) (1) of the Code which provides that if the Commissioner determines there is a deficiency in respect to the tax imposed by "this chapter" he is authorized to send notice of it to the taxpayer by registered mail and the taxpayer, within 90 days after such notice is mailed, may file a petition with the Board of Tax Appeals (now the Tax Court) for a redetermination of the deficiency. It is agreed that the judicial powers of the Tax Court are limited by the statute. The court is empowered to review the Commissioner's determination in respect to deficiencies in enumerated taxes which include those upon income, excess profits and declared value excess profits, and when the Commissioner has sent notice to the taxpayer, as provided, and the taxpayer properly appeals from the determination, the court may assume jurisdiction. The timely filing of a petition is jurisdictional, and this the present petitioner does not deny. Its contention is that since its original petition was in time, and since the taxes involved are interrelated, and the deficiencies asserted by the Commissioner were the subject-matter of a combined notice, § 732 gives the Tax Court jurisdiction of all three asserted deficiencies. It leans heavily upon H. Fendrich, Inc., v. Commissioner, 7 Cir., 192 F.2d 916, a case which holds that an amendment is timely which raises new issues in respect to a petition for redetermination of an excess profits tax after the running of the 90-day period. It relies also upon the wording of § 732 (a) wherein occurs the sentence, in reference to a petition for refund, "If such petition is so filed, such notice of disallowance shall be deemed to be a notice of deficiency *for all purposes* relating to the assessment and collection of *taxes* or the refund or credit of overpayments." Significance is attached to the italicized plurals.

The Commissioner, however, argues that the income tax, the declared value excess profits tax and the excess profits tax are to be treated separately for jurisdictional purposes and that a petition challenging only the deficiency in excess profits taxes does not constitute a petition for redetermination of the deficiency in income tax or the deficiency in declared value excess profits tax. It urges that the three taxes here involved are of different types and points to the fact that the Fendrich case dealt with but a single tax classification and in-

volved no other kind of tax. The Tax Court decision is not in conflict with it for it has retained jurisdiction of the petitioner's challenge to the deficiency in the excess profits tax.

The Tax Court rulings, in differentiating for jurisdictional purposes the differing types of taxes, have been consistent. Where a proceeding involved a deficiency in excess profits tax, and the same notice advised of an overassessment in income tax and in declared value excess profits tax, the proceeding was dismissed for lack of jurisdiction of the overassessment. Pioneer Parachute Company, 4 T.C. 27. A determination of deficiency in excess profits tax does not give jurisdiction of a determination in income tax. Emeloid Company, Inc., 14 T.C. 1295. Where the Commissioner determined a deficiency in income tax for 1934 and an overassessment of excess profits tax greater than the deficiency in income tax, the Tax Court held that it had jurisdiction only with respect to the deficiency in income tax. Will County Title Company, 38 B.T.A. 1396. These results are based in part on the fact that the income tax and the excess profits tax are separately imposed. Difco Laboratories, Inc., 10 T.C. 660. The excess profits taxes imposed prior to the Excess Profits Tax Act of 1950, 26 U.S.C.A. § 430 et seq., were held to have been separate from the income tax because "imposed by entirely separate provisions of the statute," and a determination of a deficiency in one tax will not support jurisdiction over a determination of overpayment in the other. Scaife Company, 47 B.T.A. 964. A deficiency in income tax is one matter and a deficiency in excess profits tax is another. Martin Weiner Corporation, 21 T.C. 59. In that case, it was pointed out that one tax can be appealed from by the taxpayer while, at the same time, he may accept the determination of the Commissioner as to the other and, where the taxpayer does not appeal from the deficiency in income tax, there is nothing to dismiss. It is also to be observed that prior to the enactment of Excess Profits Tax Act of 1950, that tax and the income tax were reported upon different forms and that all deficiencies here involved relate to taxes prior to its enactment.

As long ago as 1933, the Supreme Court of the United States declared the principles by which amendments to petitions which seek only to amplify an original claim for redetermination or refund are to be distinguished from those petitions which raise new causes of action out of time. United States v. Memphis Cotton Oil Company, 288 U.S. 62, 53 S. Ct. 278, 77 L.Ed. 619; United States v. Henry Prentiss & Co., 288 U.S. 73, 53 S.Ct. 283, 77 L.Ed. 626; and United States v. Factors & Finance Co., 288 U.S. 89, 53 S.Ct. 287, 77 L.Ed. 633. In all three cases, the court relied upon analogy suggested by pleadings in a lawsuit and upon the necessities and realities of administrative practice. In the Memphis case [288 U.S. 62, 53 S.Ct. 280], it was said: "The general rule is said to be that an amendment of a pleading will take effect by relation and thus relieve against the power of an intervening limitation if the identity of a cause of action is still substantially the same, but that the limitation will prevail if under the guise of an amendment there is the substitution of a new cause of action in place of another wholly different." In the Prentiss case [288 U.S. 73, 53 S.Ct. 284], there was an abandonment by the taxpayer of a position that there had been an error of fact or law in the assessment of an excess profits tax according to the normal method and sought a special method provided by then applicable law. The court was called upon to say whether the ground thus deserted might be recovered by amendment. Of this, it said: "An amendment so far-reaching, a metamorphosis so complete, may well be thought to destroy the identity of the claim or cause of action if the analogies of pleading in a lawsuit are to govern our decision. A declaration according to the

common count for money had and received may be good though it does not tell us how the money was received or the use established. United States v. Memphis [Cotton] Oil Company, supra. This does not mean that a pleader who abandons the common count and states the particular facts out of which his grievance has arisen retains unfettered freedom to change the statement at his pleasure."

The present petitioner stated with particularity the controversy that existed between it and the Commissioner. It was specific and limited the investigation required of the Commissioner. The taxes here involved are in a measure related but such interrelation did not call for a re-audit of the income tax or the declared value excess profit taxes. There having been no appeal from the income tax deficiency, the Commissioner had a right to assume that complaint as to it was waived. A discovery of error in the excess profits tax based upon a mistake of law or fact in respect to equity invested capital would not affect net income. Likewise, an error in respect to an assessment of the declared value excess profits tax would not require a re-audit of the income tax return. Such error would necessitate, at most, a simple arithmetical computation, without re-audit of other returns. It may, therefore, not be said in this case, as was said in the Memphis Cotton Oil case in reference to the proposed amendment there, "Long before the amendment the Commissioner had ascertained the facts".

The function of the statute, like that of limitations, generally, is to give protection against stale demands and time limitation of a taxpayer's petition is jurisdictional. A grievance not timely asserted, as the statute requires, bars the taking of jurisdiction.

The order of the Tax Court is

Affirmed.