SALVATORE I. AND NORMA J. BRUNO, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4466–76.    Filed June 7, 1979.

---

*Curt R. Feuer* and *Andrew D. Frieze*, for the petitioners.
*Thomas P. Dougherty, Jr.*, for the respondent.

OPINION

SIMPSON, *Judge:* In this proceeding, we must rule on petitioners' motion pursuant to Rule 52, Tax Court Rules of Practice and Procedure,[1] to strike the Commissioner's amendment to his answer. The parties have presented both written and oral arguments on the motion.

On March 1, 1976, the Commissioner timely issued a statutory notice asserting a deficiency of $779.20 in the petitioners' Federal income tax for 1974 arising from the disallowance of an interest deduction and the partial disallowance of a deduction for charitable contributions. The petitioners filed their petition with this Court on May 21, 1976, and requested that this case be tried as a "small tax case" under Rule 172 and section 7463 of the Internal Revenue Code of 1954.[2] On September 8, 1978, the Commissioner filed a motion for discontinuance of these proceedings under section 7463, on the ground that further investigation revealed that the petitioners failed to report dividend income received by them in 1974, which resulted in a total deficiency of $6,177.94 for such year. The Commissioner notified the counsel for the petitioners of such motion, and the petitioners' counsel had no objection thereto. On September 8, 1978, the Commissioner also moved pursuant to Rule 41(a) for leave to file an amendment to answer to claim such increased deficiency. By order of this Court dated September 11, 1978, both motions of the Commissioner were granted, the case was removed from small tax case status ("S" case), and the Commissioner's amendment to answer was filed. On October 30, 1978, the petitioners filed a motion to strike such amendment to answer.

In support of their motion, the petitioners argue that by electing "S" case status, they waived the right to appeal any decision of the Tax Court and that by such election, they

---

[1] All references to a Rule are to the Tax Court Rules of Practice and Procedure.

[2] All statutory references are to the Internal Revenue Code of 1954, as in effect during the year in issue.

consented to a trial of the issues set forth in the notice of deficiency in accordance with the procedures described in section 7463, including the provision that the Court could not determine a deficiency in excess of $1,500. They argue that the Commissioner cannot raise a new issue and claim a deficiency in excess of the limit established by section 7463 after the 3-year statute of limitations under section 6501 has run. In our opinion, the law does not support the petitioners' contention.

Section 7463(d) contemplates that, under some circumstances, a case may be removed from "S" case classification when the Commissioner determines that there is a deficiency in excess of the limitation provided by such section. Section 7463(d) provides in part:

(d) DISCONTINUANCE OF PROCEEDINGS.—At any time before a decision entered in a case in which the proceedings are conducted under this section becomes final, the taxpayer or the Secretary may request that further proceedings under this section in such case be discontinued. The Tax Court, or the division thereof hearing such case, may, if it finds that (1) there are reasonable grounds for believing that the amount of the deficiency placed in dispute, or the amount of an overpayment, exceeds the applicable jurisdictional amount * * * and (2) the amount of such excess is large enough to justify granting such request, discontinue further proceedings in such case under this section. * * *

The Senate Finance Committee report on section 7463 states:

If it becomes evident to the Court during, or at the end of, the trial of a small claim case that the deficiency or overpayment should be increased by more than $1,000 [the then-applicable limit], then the Court has discretion to shift the case to the procedures for regular Tax Court cases. This discretion is expected to be exercised only in unusual cases, where the Court deems it appropriate, taking into account all considerations bearing on the fairness of the change, including the costs involved for all parties. [S. Rept. 91–552 (1969), 1969–3 C.B. 423, 615.]

Here, the case was removed from the "S" case classification without objection by the petitioners, and they do not now question that action. See, e.g., *Dressler v. Commissioner*, 56 T.C. 210 (1971).

Once a case has been removed from "S" case classification, section 7463(d) further provides that the "proceedings in such case shall be conducted in the same manner as cases to which the provisions of sections 6214(a) and 6512(b) apply." Section 6214(a) provides:

(a) JURISDICTION AS TO INCREASE OF DEFICIENCY, ADDITIONAL AMOUNTS, OR

ADDITIONS TO THE TAX.—Except as provided by section 7463, the Tax Court shall have jurisdiction to redetermine the correct amount of the deficiency even if the amount so redetermined is greater than the amount of the deficiency, notice of which has been mailed to the taxpayer, and to determine whether any additional amount, or addition to the tax should be assessed, if claim therefor is asserted by the Secretary at or before the hearing or a rehearing.

Such provision authorizes this Court to determine the amount of a deficiency in excess of the amount determined in the actual notice of deficiency mailed to the taxpayer if the Commissioner makes a timely claim for such increased amount.[3] It is well settled that the Commissioner may claim an increased deficiency at or before trial, even though the statute of limitations has run against additional assessments for the year in issue. *Teitelbaum v. Commissioner*, 346 F.2d 266, 267 (7th Cir. 1965), affg. a Memorandum Opinion of this Court; *Weaver v. Commissioner*, 25 T.C. 1067, 1086 (1956); *Ticker Publishing Co. v. Commissioner*, 46 B.T.A. 399 (1942); see also *Henningsen v. Commissioner*, 243 F.2d 954 (4th Cir. 1957), affg. 26 T.C. 528 (1956). Here, there is no contention that the Commissioner has not presented his claim for an additional deficiency in a timely manner.

Had this case remained an "S" case, the deficiency at issue would have been subject to the limit set forth in section 7463, but that limit is no longer applicable. In a regular case, the petitioner has no right to restrict the trial to the issues presented by him, nor does he have a right to restrict the deficiency considered by the Court to the amount placed in dispute by him. Section 7463(d) indicates clearly that since the case has been removed from "S" case classification, it is to be treated as a regular case. Thus, there is no basis in law for depriving the Commissioner of the authority given to him by section 6214(a) to raise new issues and claim additional deficiencies.

In support of their argument, the petitioners also rely on Rule 41(a), which provides in part: "No amendment shall be allowed after expiration of the time for filing the petition, however, which would involve conferring jurisdiction on the Court over a matter which otherwise would not come within its jurisdiction under the petition as then on file." However, the petitioners misconstrue the intent of Rule 41(a). Under such Rule, the Court

---

[3] Rule 142(a) places the burden of proof on the Commissioner with respect to any new matters or increases in deficiency which he pleaded in his amendment to answer.

cannot, for example, take jurisdiction over a tax year for which a deficiency has been determined and which is first placed in issue by the taxpayer in an amended petition after the expiration of the period for filing a petition with this Court pursuant to section 6213(a). See, e.g., *Miami Valley Coated Paper Co. v. Commissioner*, 211 F.2d 422 (6th Cir. 1954), affg. an unreported order of this Court; *Citizens Mutual Investment Association v. Commissioner*, 46 B.T.A. 48 (1942); *I. Frank Sons Co. v. Commissioner*, 22 B.T.A. 40 (1931).

Moreover, the Reporter's Notes to Rule 41(a) state that its provisions "in essence do not represent a change in present practice." 60 T.C. 1059, 1089 (1973). Such notes further provide:

The Court's jurisdiction is limited with respect to (a) the taxpayers whose tax deficiency or liability may be redetermined; (b) the years for which such redetermination may pertain. In these respects, a case is fixed by the petition as originally filed or as amended within the statutory period for filing the petition, and thereafter may not be altered by amendment as to any of these areas. * * * [60 T.C. at 1089.]

Thus, Rule 41(a) does not restrict the Commissioner from raising a new issue and claiming an additional deficiency in the circumstances of this case even after the running of the statute of limitations.

In conclusion, there is no merit to the petitioners' motion, and it will be denied.

*An appropriate order will be issued.*