JOSEPH J. TALLAL, JR., AND PEGGY P. TALLAL, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 19544-84.          Filed May 7, 1987.

*Robert K. Dowd,* for the petitioners.
*Val J. Albright,* for the respondent.

JACOBS, *Judge*: Respondent determined a deficiency in petitioners' Federal income tax for 1980 in the amount of $17,897 and an addition to tax for negligence pursuant to section 6653(a)[1] of $894.85. In his amended answer, respondent claimed an increased deficiency of $3,537 (for a total of $21,434), and an increased addition to tax of $327.50 (for a

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

total addition of $1,222.35).[2] Respondent subsequently asserted the increased rate of interest pursuant to section 6621(c), Internal Revenue Code of 1986 (previously section 6621(d), Internal Revenue Code of 1954), claiming that petitioners' underpayment of tax was attributable to a valuation overstatement.

After concessions by petitioners, the issues remaining for decision are: (1) Whether petitioners are entitled to a charitable contribution deduction carryover in the amount of $17,950 resulting from the donation of surplus medical bandages to the American Red Cross in 1979, (2) whether respondent is precluded by section 7605(b) from seeking increased deficiencies and additions to tax for the year in issue, and (3) whether petitioners are subject to the increased rate of interest under section 6621(c), I.R.C. of 1986, due to an underpayment of tax attributable to a valuation overstatement.

### OPINION

This case was submitted under Rule 122, with all facts fully stipulated; they are so found. The stipulation of facts and related exhibits are incorporated herein by this reference.[3] For convenience, we shall combine our findings of fact and opinion.

Petitioners Joseph J. Tallal, Jr., and Peggy P. Tallal, husband and wife, resided in Dallas, Texas, at the time the petition in this case was filed.

The primary issue for consideration in this case, i.e., the value of bandages donated to the American Red Cross, was the subject of our decision in *Tallal v. Commissioner*, T.C. Memo. 1986-548 (*Tallal I*). The facts were fully set forth in *Tallal I* and will be repeated here only to the extent necessary to explain the issues now before us. Briefly, petitioners purchased a large quantity of Government surplus bandage packages and donated them in 1979 to the American Red Cross. Petitioners calculated the value of the donated bandages, and thus their charitable contribution

---

[2]Petitioners have conceded that they are liable for the addition to tax under sec. 6653(a).

[3]The parties have agreed to make the record previously submitted in docket Nos. 28975-82 and 28976-82 a part of the record in this case. Those dockets were the subject of our opinion in *Tallal v. Commissioner*, T.C. Memo. 1986-548.

deduction, as $45,600; they claimed a deduction with respect to such contribution in the amount of $27,650 in 1979,[4] and $17,950 in 1980.[5]

In *Tallal I*, we found that the value of the donated bandages was $4,211, rather than $45,600 as claimed by petitioners. As such, the charitable contribution deduction was fully utilized in 1979; accordingly, petitioners are not entitled to any charitable contribution deduction carryover to 1980 with respect to the donated bandages.

Petitioners next contend that respondent conducted an unauthorized second inspection of their books of account for their 1980 tax year in violation of section 7605(b). Respondent disagrees; we agree with respondent.

Respondent's agent conducted an examination of petitioners' 1980 tax return. As a result of the examination, the agent recommended certain adjustments to petitioners' 1980 return, but no adjustment was made to petitioners' claimed charitable contribution carryover deduction with respect to the donated bandages. Petitioners agreed to only some of the adjustments;[6] therefore, a notice of deficiency was issued on March 21, 1984, with respect to those adjustments for which there was no agreement.[7]

In January 1985, counsel for respondent requested additional information and documents in preparation for litigation involving the claimed charitable contribution for 1979 (i.e., in connection with docket Nos. 28975-82 and 28976-82). The requested information and documents were ultimately obtained as a result of a subpoena duces tecum served on petitioners.[8] Thereafter, respondent asserted (by amended answer) an increase in the amount of the deficiency and

---

[4]The amount claimed in 1979 resulted from the 30 percent of adjusted gross income limitation imposed by sec. 170(b)(1)(C)(i).

[5]Petitioners originally claimed $6,550 in 1980 as a carryover of the contribution deduction from 1979. By their amended petition, petitioners increased the claimed carryover deduction to $17,950.

[6]With respect to those adjustments agreed upon, petitioners executed a Form 870 on Dec. 22, 1983, consenting to an assessment of income tax in the amount of $8,700 for 1980. The computational base for the $8,700 did not include any adjustment to petitioners' claimed charitable contribution carryover of $6,500 from 1979 to 1980.

[7]The notice of deficiency made no adjustment to petitioners' claimed charitable contribution carryover of $6,500 from 1979 to 1980.

[8]The requested documents pertained to the donated property, such as a description of the bandages, their appraised value, and the dates of acquisition and donation. Respondent did not request any information pertaining to petitioners' treatment of the donation for tax purposes.

addition to tax asserted for 1980, to reflect the disallowance of the $6,500 charitable contribution carryover from 1979.[9]

Petitioners contend that respondent's utilization of information obtained in the course of discovery with respect to the 1979 tax year constituted an improper second inspection under section 7605(b).

Section 7605(b) provides:

> No taxpayer shall be subjected to unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary, after investigation, notifies the taxpayer in writing that an additional inspection is necessary.

Petitioners have not produced any evidence that the increased deficiency for 1980 resulted from respondent's inspection of any of the subpoenaed documents. Indeed, nothing in the documents requested in connection with the 1979 tax year would have led respondent to assert such increase. Rather, it is the 1979 return which indicates that not all of the claimed charitable contribution deduction was used in 1979 and that a carryover was available for 1980. It is well settled that respondent's examination of returns already in his possession does not constitute a second inspection within section 7605(b). *Benjamin v. Commissioner*, 66 T.C. 1084, 1097 (1976), affd. on another issue 592 F.2d 1259 (5th Cir. 1979); *Pleasanton Gravel Co. v. Commissioner*, 64 T.C. 510, 527-528 (1975), affd. per curiam 578 F.2d 827 (9th Cir. 1978), cert. denied 439 U.S. 1071 (1979); *Geurkink v. United States*, 354 F.2d 629 (7th Cir. 1965).

Moreover, the statutory language and legislative history of section 7605(b) indicate that it was intended to apply under different circumstances, i.e., where an overzealous tax examiner harasses taxpayers by conducting multiple exami-

---

[9]Petitioners claimed a charitable contribution deduction in the amount of $28,050 on their 1979 tax return. The deduction consisted of the following items and amounts:

| | |
|---|---:|
| Cash | $400 |
| Non-cash contribution to the American Red Cross | 27,650 |
| Total | 28,050 |

The non-cash contribution deduction of $27,650 consisted entirely of the donated bandages. Petitioners' 1979 tax return reflected that (1) petitioners assigned a value of $45,600 to the donated bandages, (2) only $27,650 of the $45,600 was being claimed as a deduction in 1979, and (3) $17,950 was available for carryforward. On their 1980 return, petitioners claimed a charitable contribution deduction of $6,875, of which $6,550 was listed as a "carryover from prior years."

nations and inspections. *United States v. Powell*, 379 U.S. 48, 54-56 (1964). By instituting a proceeding in this Court for 1979, petitioners became subject to the Tax Court Rules of Practice and Procedure, which include provisions for discovery. Where discovery is properly conducted under these Rules of Practice and Procedure, respondent is not required to ignore the discovered information in amending his answer for a different taxable year (as was done herein).

The discovery with respect to docket Nos. 28975-82 and 28976-82 was proper. Such discovery did not constitute an unauthorized second inspection of petitioners' books of account for their 1980 tax year within the purview of section 7605(b). Hence, we sustain respondent's assertion of the increased deficiency and addition to tax for 1980.[10]

Respondent seeks an increased rate of interest under section 6621(c) based upon a valuation overstatement resulting from the improper carryover of the contribution deduction from 1979 to 1980.

Section 6621(c)(3)(A)(i) provides that the term "tax motivated transaction" means any valuation overstatement within the meaning of section 6659(c). Section 6659(c) provides that a valuation overstatement exists if the value of the property claimed on a return is 150 percent or more of the amount determined to be the correct amount of the value of the property. Petitioners claimed a charitable contribution deduction in the amount of $6,550 with respect to the donated bandages on their 1980 tax return. By their amended petition, petitioners increased the claimed deduction to $17,950. We have already determined that no carryover charitable contribution deduction was available for 1980. Either amount reported by petitioners is in excess of 150 percent of the value of the donated bandages (i.e., zero) allocable to the year involved herein.

Section 6621(c) provides that interest equal to 120 percent of the rate otherwise payable applies to an underpayment of tax in excess of $1,000 which is attributable to a tax-motivated transaction. As noted, the definition of tax-motivated transactions embraces valuation overstatements. As we have concluded that a valuation overstatement exists, the increased rate of interest under section 6621(c)

---

[10]See note 2 *supra.*

applies to the underpayment of tax attributable to the overvaluation.

To reflect the foregoing, and based on petitioners' concessions of all other issues,

*Decision will be entered for the respondent.*