GEORGE R. BUTZ; ANN C. DRESSER; JOHN J. HERDA and SUSAN M. HERDA; JOHN HERDA and MARGARET HERDA; BARBARA L. KLEIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Butz v. Commissioner
Docket No. 22573-88.
United States Tax Court
T.C. Memo 1989-229; 1989 Tax Ct. Memo LEXIS 229; 57 T.C.M. (CCH) 369; T.C.M. (RIA) 89229; May 11, 1989. *229 Declan J. O'Donnell, for the petitioners. Randall L. Preheim, for the respondent. SWIFT
MEMORANDUM OPINION SWIFT, Judge: This matter is before the Court on respondent's motion to dismiss from this case all issues concerning the Federal income tax liability of petitioner George R. Butz for 1982 and 1985 on the grounds of lack of jurisdiction. In a notice of deficiency dated June 29, 1988, respondent determined deficiencies in and additions to tax in petitioner George R. Butz' Federal income tax liability for 1979, 1980, 1981, 1982, and 1985. Notices of deficiency also were sent to the other joint petitioners in this case. On August 31, 1988, petitioner George R. Butz and the other above-named petitioners timely filed a joint petition contesting respondent's deficiency determinations. Petitioner George R. Butz resided in Denver, Colorado at the time the petition was filed in this case. In paragraph 3 of the joint petition, petitioner George R. Butz contested the entire amount of the tax deficiencies determined by respondent, but only for 1979, 1980, and 1981. The petition, in this respect, reflected the following: The deficiencies as determined by the Commissioner are:
Tax
Deficient
Amount in
Petitioner
Year
Income Tax
Dispute
Penalty
George R. Butz
12/31/79
$   1,293.00
$   1,293.00
*
12/31/80
$   2,617.00
2,617.00
12/31/81
$  48,473.00
$  48,473.00
*230 Petitioners attached copies of the notices of deficiency to their joint petition. After the statutory period for filing a petition had expired, petitioners filed an amended joint petition. The Clerk of this Court stamped a filed date of October 7, 1988, on the amended joint petition. No mailing envelope for the amended joint petition is contained in the record. In paragraph 3 of the amended joint petition, petitioner George R. Butz contested the following additional tax deficiencies determined by respondent for 1982 and 1985: Tax
Deficient
Amount in
Petitioner
Year
Income Tax
Dispute
Penalty
George R. Butz
12/31/82
$  55,611.00
$  55,611.00
*
12/31/85
$  26,199.00
$ 26,199.00
*
On October 24, 1988, respondent filed an answer to *231 the petition. On October 31, 1988, respondent filed the instant motion. Petitioner George R. Butz argues that the amended petition, filed before respondent's answer was served, corrected a mere pleading oversight (namely, the failure to mention in the original petition the tax deficiencies for 1982 and 1985). Petitioner notes that neither the joint petition nor the amended joint petition reflected any intent to concede the correctness of respondent's determination with respect to his tax liabilities for 1982 and 1985. Respondent argues that the joint petition did not put in issue the tax liability of petitioner George R. Butz for 1982 or 1985. Respondent further argues that the filing of the amended joint petition after the statutory filing period had expired cannot cure the jurisdictional defect with respect to the Court's jurisdiction over petitioner Butz' 1982 and 1985 Federal income tax liabilities. We agree with respondent. Rule 41(a) provides, in relevant part, as follows: A party may amend his pleading once as a matter of course at any time before a responsive pleading is served. If the pleading is one to which no responsive pleading is permitted and the case has *232 not been placed on a trial calendar, he may so amend it at any time within 30 days after it is served. Otherwise a party may amend his pleading only by leave of Court or by written consent of the adverse party; and leave shall be given freely when justice so requires. No amendment shall be allowed after expiration of the time for filing the petition, however, which would involve conferring jurisdiction on the Court over a matter which otherwise would not come within its jurisdiction under the petition as then on file. * * * [Emphasis added.] A timely petition contesting only some of the years covered by a notice of deficiency may not be amended to contest other years covered by the notice of deficiency after the time to file a petition has expired. Miami Valley Coated Paper Co. v. Commissioner,211 F.2d 422 (6th Cir. 1954), affg. an order of this Court; O'Neil v. Commissioner,66 T.C. 105, 107 (1976). In O'Neil v. Commissioner, supra, the Commissioner mailed the taxpayer a notice of deficiency reflecting deficiencies determined in the taxpayer's income tax for 1968, 1969, 1970, and 1971. The taxpayer filed a timely petition, *233 attached to the petition the notice of deficiency, and contested the Commissioner's determinations for 1968, 1969, and 1970. After the statutory period for filing a petition had expired, the taxpayer filed an amended petition in which he also sought a redetermination of the deficiency for 1971. In granting respondent's motion to dismiss the case as it relates to 1971, we held "that an amendment to the petition after the statutory filing period has expired cannot be used to seek a redetermination of an additional taxable year." O'Neil v. Commissioner, supra at 107-108. O'Neil controls the issue raised by the instant motion. Respondent's motion will be granted. An appropriate order will be issued.
Footnotes
*. Butz -- I.R.C. Section 6659 - 1979: $ 388.00; 1980: $ 785.00; 1981: $ 14,542.00. All section references are to the Internal Revenue Code of 1954, as in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.
[1]↩
*. Butz - I.R.C. Section 6659 - 1982↩: $ 16,683.00; 1985: $ 7,860.00.