119 T.C. No. 14


UNITED STATES TAX COURT



EVANS PUBLISHING, INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8278-00.                    Filed November 7, 2002.


        P moved to strike paragraphs from the answer to
the second amended petition, in which paragraphs R
affirmatively alleged that additional individuals (H
and W) were employees of P, that P compensated H and W
through the payment of commissions, personal expenses,
and wages disguised as loans, and that P was liable for
additional employment tax, additions to tax, and
penalties.

        <u>Held</u>:  Pursuant to sec. 7436, I.R.C., the Court
has jurisdiction over R's affirmative allegations
contained in the answer to the second amended petition
that the additional individuals are employees of P and
that P is liable for additional employment taxes,
additions to tax, and penalties for the taxable periods
in the notice of determination.

        <u>Held</u>, <u>further</u>, pursuant to sec. 7436, I.R.C., the
Court has jurisdiction to determine the amount of wages
P paid to individuals that R determined, or alleged in
the answer, to be employees of P.

**Held**, **further**, P's motion to strike is denied.

**Brian C. Bernhardt**, **Paul L. B. McKenney**, and **Eric M. Nemeth**, for petitioner.

**Linda C. Grobe**, for respondent.

OPINION

VASQUEZ, **Judge**:  This case is before the Court on petitioner's Motion to Strike Paragraphs 9 and 10 of the Answer to Second Amended Petition.  The parties have presented both written and oral arguments on the motion.

Background

Respondent issued to petitioner a Notice of Determination Concerning Worker Classification Under Section 7436 (notice of determination).[1]  Respondent determined that petitioner's sales personnel and graphics personnel should have been treated as employees rather than independent contractors for 1993, 1994, and 1995, and made adjustments to the amounts of employment taxes[2]

---

[1]  Unless otherwise indicated, all references to secs. 6214(a) and 7436 are to the Internal Revenue Code, as amended, all other section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]  For convenience, we use the term "employment taxes" to refer to taxes under the Federal Insurance Contributions Act (FICA), ch. 736, secs. 3101-3128, 68A Stat. 415 (1954), and the Federal Unemployment Tax Act (FUTA), ch. 736, secs. 3301-3311,
(continued...)

owed by petitioner for 1993, 1994, and 1995. Respondent also determined additions to tax pursuant to section 6651(a)(1) and penalties pursuant to section 6662.

On July 27, 2000, petitioner petitioned this Court. Petitioner disputed that its sales personnel and graphics personnel should have been treated as employees rather than independent contractors; i.e., petitioner sought a redetermination of the classification determined by respondent. Petitioner also disputed the amounts of the employment taxes, additions to tax, and penalties that were set forth on the schedule accompanying the notice of determination.

On September 26, 2000, respondent filed a Motion to Dismiss for Lack of Jurisdiction and to Strike as to the Amounts of Employment Taxes Proposed for Assessment by the Respondent (motion to dismiss). Respondent sought to dismiss issues regarding the amounts of the employment taxes, the additions to tax, and the penalties and to strike from the petition references to the amounts of petitioner's employment tax. Respondent relied on our decision in Henry Randolph Consulting v. Commissioner, 112 T.C. 1 (1999) (holding that we did not have jurisdiction to decide the amount of employment tax liabilities).

On October 17, 2000, petitioner filed a response to

---

[2](...continued)
68A Stat. 439 (1954), and income tax withholding, secs. 3401-3406.

respondent's motion to dismiss. In the response, petitioner stated it wanted to file an amended petition in which petitioner disputed respondent's determination that petitioner's sales personnel and graphics personnel were employees rather than independent contractors but no longer disputed the adjustments to tax and interest determined by respondent. We granted respondent's motion to dismiss and filed the amended petition.

On December 18, 2000, respondent filed an answer to the amended petition (first answer). In the first answer, respondent affirmatively alleged that Will L. Evans and Sherry L. Evans (Mr. and Mrs. Evans), shareholders of petitioner, were employees of petitioner during 1993, 1994, and 1995, and that petitioner is not entitled to "safe harbor" relief as provided by section 530 of the Revenue Act of 1978, Pub. L. 95-600, 92 Stat. 2763, 2885 (section 530), with respect to Mr. and Mrs. Evans' classification as employees. Respondent affirmatively alleged additional facts to support this conclusion, including the fact that petitioner compensated Mr. and Mrs. Evans through the payment of commissions and other wages disguised as shareholder loans.

On April 18, 2001, petitioner filed a Motion for Leave to File Second Amended Petition (motion for leave). In the motion for leave, petitioner relied on Congress's amendment of section 7436(a), retroactive to the effective date (August 5, 1997) of section 7436(a), which provided this Court with jurisdiction to

decide the correct amounts of employment taxes which relate to the Secretary's determination concerning worker classification. Community Renewal Tax Relief Act of 2000 (CRTRA), Pub. L. 106-554, sec. 314(f), (g), 114 Stat. 2763A-463; Taxpayer Relief Act of 1997, Pub. L. 105-34, sec. 1454(a), 111 Stat. 1055. In light of Congress's action, petitioner sought to amend the amended petition to place into dispute, as it had in its original petition, the amounts of employment taxes, additions to tax, and penalties determined by respondent. Respondent did not object to the granting of the motion for leave.

We granted petitioner's motion for leave and filed the second amended petition. In the second amended petition, as in the original petition, petitioner sought a redetermination of the classification determined by respondent and disputed the amounts of the employment taxes, additions to tax, and penalties that were set forth on the schedule accompanying the notice of determination.

On June 15, 2001, respondent filed an answer to the second amended petition (second answer). In the second answer, respondent again affirmatively alleged that Mr. and Mrs. Evans were employees of petitioner during 1993, 1994, and 1995, and that petitioner is not entitled to "safe harbor" relief as provided by section 530 with respect to Mr. and Mrs. Evans' classification as employees. Respondent affirmatively alleged

additional facts to support this conclusion, including the fact that petitioner compensated Mr. and Mrs. Evans through the payment of commissions, personal expenses, and other wages disguised as shareholder loans. Respondent also alleged the tax period, type of tax, amounts of employment taxes, amounts of additions to tax, and the amounts of penalties petitioner was liable for regarding the alleged wages paid to Mr. and Mrs. Evans.

On July 16, 2001, petitioner filed a Motion to Strike Paragraphs 9 and 10 of the Answer to Second Amended Petition (motion to strike).[3] On July 31, 2001, respondent filed an Objection to Petitioner's Motion to Strike. On August 20, 2001, petitioner filed a reply.

On October 31, 2001, the Court held a hearing on the motion to strike. At the hearing, respondent conceded that he has the burden of proof regarding the classification of Mr. and Mrs. Evans as employees and the compensation of Mr. and Mrs. Evans through the payment of commissions and other wages disguised as shareholder loans.

At the hearing, the issue arose regarding whether, pursuant to section 7436, the Court had jurisdiction over additional

---

[3] Pars. 9 and 10 of the second answer contain respondent's affirmative allegations regarding Mr. and Mrs. Evans' classification as employees, the compensation of Mr. and Mrs. Evans through disguised loans, and petitioner's liability for additional tax, additions to tax, and penalties.

individuals and additional amounts raised by the Commissioner in the answer.[4] The Court ordered the parties to brief this jurisdictional issue.

Discussion

I. Jurisdiction

It is well settled that the Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. Commissioner v. Gooch Milling & Elevator Co., 320 U.S. 418 (1943); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The question of the Court's jurisdiction is fundamental and must be addressed when raised by a party or on the Court's own motion. Naftel v. Commissioner, supra at 530. If we find that we do not properly have jurisdiction to consider an issue, then we may not decide the issue despite the choice of the Tax Court as a forum to settle the dispute. Id.

A. Additional Individuals and Additional Amounts

Section 7436(a) provides:

> SEC. 7436(a). Creation of Remedy.--If, in connection with an audit of any person, there is an actual controversy involving a determination by the Secretary as part of an examination that--
>
>> (1) one or more individuals performing services for such person are employees of such person for purposes of subtitle C, or

_____

[4] The individuals and additional amounts are related to the taxpayer and taxable periods contained in the notice of determination.

(2) such person is not entitled to the treatment under subsection (a) of section 530 of the Revenue Act of 1978 with respect to such an individual,

upon the filing of an appropriate pleading, the Tax Court may determine whether such a determination by the Secretary is correct and the proper amount of employment tax under such determination.  Any such redetermination by the Tax Court shall have the force and effect of a decision of the Tax Court and shall be reviewable as such.

Section 7436(d)(1) provides:

SEC. 7436(d).  Special Rules.--

(1) Restrictions on Assessment and Collection Pending Action, Etc.--The principles of subsections (a), (b), (c), (d), and (f) of section 6213, section 6214(a), section 6215, section 6503(a), section 6512, and section 7481 shall apply to proceedings brought under this section in the same manner as if the Secretary's determination described in subsection (a) were a notice of deficiency.

Section 6214(a) provides:

SEC. 6214(a).  Jurisdiction as to Increase of Deficiency, Additional Amounts, or Additions to the Tax.--Except as provided by section 7463 [regarding disputes involving $50,000 or less], the Tax Court shall have jurisdiction to redetermine the correct amount of the deficiency even if the amount so redetermined is greater than the amount of the deficiency, notice of which has been mailed to the taxpayer, and to determine whether any additional amount, or any addition to the tax should be assessed, if claim therefor is asserted by the Secretary at or before the hearing or a rehearing.

In Henry Randolph Consulting v. Commissioner, 112 T.C. 1 (1999), while rejecting the taxpayer's claim that section 7436(d) gave us jurisdiction to decide the amount of employment tax

liabilities, we stated how the principles of each section listed in section 7436(d) could apply to a section 7436, before amendment by CRTRA, case even if we lacked jurisdiction to decide the amounts of tax due. With regard to the possible application of the principles of section 6214(a) to section 7436, before amendment by CRTRA, we stated that the interaction of those two sections may allow us to "decide worker classification claims raised by the Commissioner that are not included in the notice of determination (e.g., a claim regarding the status of additional persons alleged to be employees) if such claims relate to the taxpayer and taxable periods in the notice of determination." Id. at 6.

It is well established that the Court has jurisdiction to review an increased deficiency asserted by the Commissioner at or before the hearing or rehearing. Sec. 6214(a); Ferrill v. Commissioner, 684 F.2d 261, 265 (3d Cir. 1982), affg. T.C. Memo. 1979-501; H.F. Campbell Co. v. Commissioner, 443 F.2d 965, 970 (6th Cir. 1971), affg. 53 T.C. 439 (1969); Commissioner v. Finley, 265 F.2d 885, 888 (10th Cir. 1959), affg. O'Shea v. Commissioner, T.C. Memo. 1957-15 and T.C. Memo. 1957-16; Henningsen v. Commissioner, 243 F.2d 954, 959 (4th Cir. 1957), affg. 26 T.C. 528 (1956).

We conclude that, pursuant to section 7436, we have jurisdiction over the Commissioner's affirmative allegations

contained in the answer to the second amended petition that additional individuals are employees of the taxpayer and that the taxpayer is liable for additional employment taxes, additions to tax, and penalties for the taxable periods in the notice of determination.

B.  Moneys Disguised as Loans

Although petitioner and respondent agree with our conclusion that the Court has jurisdiction over the additional individuals and the additional amounts of employment taxes,[5] petitioner argues that we do not have jurisdiction to rule on respondent's affirmative allegations that petitioner compensated its shareholders through the payment of moneys disguised as loans.[6]

Congress has specifically given the Court jurisdiction to determine the proper amount of employment tax under the Commissioner's determination of whether an individual is an employee.  Sec. 7436(a).  Employment taxes are calculated by

---

[5]  The fact that the parties agree that the Court has jurisdiction over these issues is not sufficient to provide us with such jurisdiction; the Court still must determine that Congress has granted us jurisdiction.  See Ewing v. Commissioner, 118 T.C. 494, 498-507 (2002).

[6]  With respect to respondent's affirmative allegations that "petitioner compensated its shareholders through the payment of monies disguised as loans and that such loans should be recharacterized as wages," petitioner argues that "Such affirmative allegations are not allegations of worker classification, are not allegations regarding treatment under section 530(a) of the Revenue Act of 1978, and are not allegations regarding the proper amount of employment tax owed".

applying specified percentages to an individual's wages.[7]  Secs. 3101(a); 3111(a); 3301(a); 3402(a).  Thus, in order to compute the proper amount of employment taxes it is necessary to determine the total amount of each individual's wages. Therefore, it follows that the Court's jurisdiction includes determining the amount of wages paid to individuals that the Commissioner determined, or alleged in the answer, to be employees of the taxpayer.

Additionally, section 6214(a) further supports this conclusion.  See sec. 7436(d).  Section 6214(a) provides that the Tax Court has jurisdiction to redetermine the correct amount of the deficiency even if the amount so determined is greater than the amount of the deficiency, notice of which has been mailed to the taxpayer, and to determine whether any additional amount should be assessed if claim therefor is asserted by the Commissioner at or before the hearing or a rehearing.  In applying section 6214(a) in the deficiency context, we do not merely review whether respondent correctly calculated the amount of tax due.  We review the determinations (e.g., understated income, overstated deductions, etc.) underlying the deficiency.

We conclude that, in order to determine the proper amount of employment taxes, pursuant to section 7436 we have jurisdiction

---

[7]  "Wages", for purposes of employment taxes, are defined in secs. 3121(a), 3306(b), and 3401(a).

to decide the total amount of wages of each individual who the Commissioner determined, or alleged in the answer, to be an employee of the taxpayer.

## II.  <u>Motion To Strike</u>

Rule 290(a) provides:

> (a) Applicability:  The Rules of this Title XXVIII set forth the provisions which apply to actions for redetermination of employment status under Code Section 7436.  Except as otherwise provided in this Title, the other Rules of Practice and Procedure of the Court, to the extent pertinent, are applicable to such actions for redetermination.

Title XXVIII does not set forth specific rules regarding motions to strike.  See Rules 290-295.  Accordingly, we apply Rule 52 and the case law thereunder in determining whether to grant or deny the motion to strike.  See <u>Liberty Ministries Intl. v. Commissioner</u>, T.C. Memo. 1984-260 (applying Rule 52, via Rule 210, in the context of an action for declaratory judgment).

Rule 52 provides that this Court, upon a timely motion of the parties or on its own initiative, may strike from any pleading any insufficient claim or defense or any redundant, immaterial, impertinent, frivolous, or scandalous matter.  Rule 52 was derived from rule 12(f), Federal Rules of Civil Procedure. <u>Estate of Jephson v. Commissioner</u>, 81 T.C. 999, 1000 (1983); <u>Allen v. Commissioner</u>, 71 T.C. 577, 579 (1979).  Accordingly, the principles enunciated by the Federal courts in the interpretation and application of that provision are applicable here.  <u>Estate of </u>

- 13 -

Jephson v. Commissioner, supra at 1000-1001; Allen v.

Commissioner, supra.

In general, motions to strike pleadings have not been

favored by the Federal courts. Estate of Jephson v.

Commissioner, supra at 1001; Allen v. Commissioner, supra. A

matter will not be stricken from a pleading unless it is clear

that it can have no possible bearing upon the subject matter of

the litigation. Estate of Jephson v. Commissioner, supra; Allen

v. Commissioner, supra.

> A motion to strike should be granted only when the
> allegations have no possible relation to the
> controversy. When the court is in doubt whether under
> any contingency the matter may raise an issue, the
> motion should be denied. If the matter that is the
> subject of the motion involves disputed and substantial
> questions of law, the motion should be denied and the
> allegations should be determined on the merits. In
> addition, a motion to strike will usually not be
> granted unless there is a showing of prejudice to the
> moving party.

Estate of Jephson v. Commissioner, supra at 1001 (citations

omitted).

Furthermore, in a case in which the taxpayer sought to

strike the portion of the answer alleging an increased deficiency

pursuant to section 6214(a) we stated: "the * * * [taxpayer] has

no right to restrict the trial to the issues presented by him,

nor does he have a right to restrict the deficiency considered by

the Court to the amount placed in dispute by him." Bruno v.

Commissioner, 72 T.C. 443, 446 (1979). We concluded that there

was no basis in law for depriving the Commissioner of the authority given to him by section 6214(a) to raise new issues and claim additional deficiencies. Id. We conclude that the same holds true in this case brought pursuant to section 7436.

A.  Second Exam

Petitioner alleges that respondent's affirmative allegations that Mr. and Mrs. Evans should be classified as employees and that petitioner compensated Mr. and Mrs. Evans through the payment of commissions and other wages disguised as shareholder loans, amounts to a second examination of petitioner which is not permitted pursuant to section 7605(b). Petitioner mistakes legitimately raised new issues for a second examination.

The statutory language and legislative history of section 7605(b) indicate that it was intended to apply under different circumstances--that is, "where an overzealous tax examiner harasses taxpayers by conducting multiple examinations". Tallal v. Commissioner, 88 T.C. 1192, 1195 (1987). By instituting a proceeding in this Court, petitioner became subject to our Rules. Id. at 1196. Legitimately raised new issues do not constitute an unauthorized second inspection within the purview of section 7605(b).

B.  Additional Cost to Petitioner

Petitioner further alleges that respondent's affirmative allegations will require that respondent review petitioner's

books, petitioner produce "voluminous" records, petitioner meet with respondent to discuss the merits of the issues, petitioner and respondent stipulate facts, petitioner submit a trial memorandum and posttrial brief, and petitioner spend substantial time preparing for trial. Petitioner claims that respondent's affirmative allegations will prejudice petitioner by requiring it to expend unnecessary and duplicative attorney's fees defending itself from allegations that respondent previously examined and specifically rejected. Respondent contends that the fact that petitioner may incur additional attorney's fees to enable its counsel to address the issue of Mr. and Mrs. Evans' employment status does not merit striking paragraphs 9 and 10 of the second answer.

After weighing petitioner's claim of prejudice against respondent's claim that the affirmative allegations should be tried, we conclude that the fact that petitioner will have to be prepared at trial to counter respondent's assertion that petitioner compensated Mr. and Mrs. Evans through the payment of commissions, personal expenses, and other wages disguised as shareholder loans is not prejudicial to petitioner and is not a sufficient basis for granting the motion to strike in this case. Estate of Jephson v. Commissioner, supra at 1003 (alleged prejudice of having to adduce evidence at trial to counter the Commissioner's assertion is insufficient to grant motion to

strike); see also <u>Yamaha Motor Corp. v. Commissioner</u>, T.C. Memo. 1992-110.  With regard to whether respondent may abuse the discovery process, we believe that our Rules provide adequate means to address any such eventuality.

C.    <u>Conclusion</u>

We are not deciding at this time that additional individuals were employees of petitioner or that petitioner is liable for additional employment taxes.  We conclude, however, that respondent should have the opportunity to present these allegations to the Court as the questions raised by the allegations are better left for a determination on the merits. <u>Estate of Jephson v. Commissioner</u>, <u>supra</u> at 1003.

Paragraphs 9 and 10 of the Answer to the Second Amended Petition are not redundant, immaterial, impertinent, frivolous, or scandalous.  Accordingly, petitioner's motion to strike is denied.

In reaching all of our holdings herein, we have considered all arguments made by the parties, and to the extent not mentioned above, we find them to be irrelevant or without merit.

To reflect the foregoing,

<u>An appropriate order will be issued</u>.