112 T.C. No. 1

UNITED STATES TAX COURT

HENRY RANDOLPH CONSULTING, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6838-98.                    Filed January 6, 1999.

        R determined, in a notice mailed to P,
    that some of P's workers were employees and
    that P was not eligible for relief under sec.
    530 of the Revenue Act of 1978, Pub. L. 95-
    600, 92 Stat. 2763, 3855, for certain taxable
    periods.  R attached to the notice a proposed
    agreement to assessment of tax resulting from
    R's determination.  P filed a petition
    seeking our redetermination under sec. 7436,
    I.R.C., of R's determination, including the
    amounts of tax R proposed to assess.

        <u>Held</u>:  We lack jurisdiction to decide
    the amount of P's employment tax and income
    tax withholding liability for the taxable
    periods in issue.


    <u>George W. Connelley, Jr.</u>, <u>Linda S. Paine</u>, and

<u>William O. Grimsinger</u>, for petitioner.

    <u>M. Kathryn Bellis</u>, for respondent.

OPINION

COLVIN, <u>Judge</u>:  This case is before the Court on respondent's motion to dismiss for lack of jurisdiction as to the amounts of employment tax[1] liability for the periods in issue. We will grant respondent's motion for the reasons stated below.

Neither party requested a hearing, and we conclude that none is necessary to decide respondent's motion.

<u>Background</u>

Petitioner is a sole proprietorship, the principal place of business of which is in Birmingham, Alabama.

Respondent's agents audited petitioner's Federal Insurance Contributions Act and income tax withholding tax returns (Forms 941) for March 31 to December 31, 1994, and March 31 to December 31, 1995, and petitioner's Federal Unemployment Tax Act tax return (Form 940) for 1995.  On March 19, 1998, respondent mailed to petitioner a Notice of Determination Concerning Worker Classification Under Section 7436 which said in part:

> As a result of an employment tax audit, we are sending you this NOTICE OF DETERMINATION CONCERNING WORKER CLASSIFICATION UNDER SECTION 7436.  We have determined that the individual(s) listed or described on the attached schedule are to be legally classified as employees for purposes of federal employment taxes under subtitle C of the Internal Revenue Code and that your (sic) are not entitled to relief from this

---

[1] For convenience, we use the term "employment tax" to refer to taxes under the Federal Insurance Contributions Act (FICA), secs. 3101-3125, the Federal Unemployment Tax Act (FUTA), secs. 3301-3311, and income tax withholding, secs. 3401-3406 and 3509.
Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the taxable periods in issue. Rule references are to the Tax Court Rules of Practice and Procedure.

classification pursuant to section 530 of the Revenue Act of 1978 with respect to such individual(s). This determination could result in employment taxes being assessed against you.

Respondent attached to the notice of determination an Agreement to Assessment and Collection of Additional Tax and Acceptance of Overassessment (Excise or Employment Tax) (Form 2504) in which respondent proposed that petitioner consent to immediate assessment and collection of $53,194.87 in tax, consisting of the following amounts:

1.    $27,814.58 for March 31 to December 31, 1994, under the FICA, secs. 3101-3125, and for income tax withholding, secs. 3401-3406 and 3509;

2.    $22,776.29 for March 31 to December 31, 1995, under the FICA and for income tax withholding; and

3.    $2,604.00 for 1995, under the FUTA, secs. 3301-3311.

The form also proposed that petitioner agree to the following:

> I consent to the immediate assessment and collection of any additional tax and penalties and accept any overassessment (decrease in tax and penalties) shown above, plus any interest provided by law.
> I understand that by signing this agreement, I am waiving the restrictions on assessment provided in section 7436(d) and 6213(a) of the Internal Revenue Code of 1986, and that I will not be able to contest the issues covered by this agreement in the United States Tax Court.

Respondent attached to the notice of determination a copy of Examination Changes -- Federal Unemployment Tax for 1995 (Form 4667), and Employment Tax Examination Changes Report for 1994 and 1995 (Forms 4668), detailing respondent's calculations of the

amounts of assessment to which respondent proposed that petitioner agree.

Petitioner filed a petition seeking our review of respondent's notice of determination. In it, petitioner contends that petitioner's service providers are not employees; petitioner is entitled to treatment under section 530(a) of the Revenue Act of 1978, Pub. L. 95-600, 92 Stat. 2763, 2855; respondent's computation of proposed employment tax and income tax withholding due is incorrect; and, if respondent's determinations are sustained, the correct liabilities can be recomputed under Rule 155. Petitioner also contends that the notice of determination is void because, in the notice, respondent did not identify the individuals whose worker classification was being determined. Respondent filed a motion to dismiss for lack of jurisdiction as to the amounts of tax respondent proposed to assess. Respondent also moved to strike from the petition petitioner's claim that, if respondent's determinations are sustained, the correct liabilities can be recomputed under Rule 155.

## Discussion

The parties dispute whether we have jurisdiction under section 7436[2] to decide the amounts of tax for which petitioner

---

[2] Sec. 7436 was added to the Internal Revenue Code by sec. 1454(a) of the Taxpayer Relief Act of 1997, Pub. L. 105-34, 111 Stat. 788, 1055, effective Aug. 5, 1997. Before enactment of sec. 7436, the Tax Court lacked jurisdiction to decide worker classification disputes arising under subtitle C of the Code. See secs. 6211-6213. Before the enactment of sec. 7436, judicial review of IRS assessment of employment taxes or related penalties was available only if a taxpayer paid a divisible part of the
(continued...)

would be liable if we sustain to any extent respondent's determination that petitioner's workers are employees and that petitioner is not entitled to relief under section 530 of the Revenue Act of 1978.

Petitioner contends that our jurisdiction is provided by section 7436(a), (c), and (d), and that this result is consistent with logic and public policy (e.g., the convenience of the parties and judicial economy). Respondent contends that we lack jurisdiction under section 7436 to decide amounts of employment tax due.

To decide this issue, we first consider the following issues relating to the text of section 7436: (1) Whether section 7436(a) provides jurisdiction over amounts of employment tax due; and (2) whether jurisdiction over amounts is provided by section 7436(d), which incorporates into section 7436 the principles of several provisions governing our deficiency jurisdiction, or by section 7436(c), which makes the small case procedures under section 7463 available for cases under section 7436 if less than $10,000[3] is in dispute.

---

[2](...continued)
assessment, filed a claim for refund, and filed a refund suit in Federal district court or the Court of Federal Claims to recover amounts paid. See sec. 7422; 28 U.S.C. sec. 1291 (1994).

[3] Sec. 3103(b)(1) of the IRS Restructuring and Reform Act of 1998, Pub. L. 105-206, 112 Stat. 685, 731, amended sec. 7436(c)(1) to increase the limit from $10,000 to $50,000 per quarter, effective for proceedings commenced after July 22, 1998.

Next, we consider whether our interpretation of section 7436 is altered by (1) its legislative history, (2) a comparison of section 7436 to provisions authorizing us to issue declaratory judgments (sections 7428, 7476, 7477, 7478, and 7479), (3) the fact that respondent attached a proposed consent to assess employment tax due to the notice, or (4) petitioner's contention that it would be illogical to provide jurisdiction over worker classification issues without providing jurisdiction to decide the amounts of employment tax and income tax withholding liability, e.g., from the standpoint of convenience of the parties or judicial economy.

A.   Section 7436

   1.   Section 7436(a)

We may only exercise jurisdiction that is expressly permitted or provided by statute. Trost v. Commissioner, 95 T.C. 560, 565 (1990); Judge v. Commissioner, 88 T.C. 1175, 1180-1181 (1987).  Section 7436(a)[4] expressly grants jurisdiction to this

_____

[4] Sec. 7436(a) provides:

SEC. 7436.   PROCEEDINGS FOR DETERMINATION OF EMPLOYMENT
             STATUS

     (a) Creation of Remedy.--If, in connection with an audit of any person, there is an actual controversy involving a determination by the Secretary as part of an examination that--

          (1) one or more individuals performing services for such person are employees of such person for purposes of subtitle C, or

          (2) such person is not entitled to the
                                             (continued...)

Court (if certain conditions are met) to decide whether service providers are employees or independent contractors for purposes of subtitle C (Employment Taxes and Collection of Income Tax), and whether section 530 of the Revenue Act of 1978 applies. Section 7436(a) does not expressly give us jurisdiction to decide any other matter, such as the amount of a taxpayer's employment tax liability that results from respondent's worker classification determination. This contrasts with our deficiency jurisdiction under section 6213, which expressly permits us to redetermine the "amount" of a deficiency in cases involving income, gift, estate, or certain other taxes, albeit not including employment taxes. Sec. 6211(a). Section 7436(a) more closely parallels our authority to make declaratory judgments (sections 7428, 7476, 7477, 7478, and 7479). Those provisions each specify a subject matter, but do not state that we may decide the amount of tax due. See paragraph C, below, for a comparison of section 7436 with the declaratory judgment provisions. Also, the last sentence of section 7436(a) makes our redetermination reviewable as a decision. This provision would be unnecessary if we were redetermining a deficiency. Cf. sec.

---

⁴(...continued)
      treatment under subsection (a) of section 530 of the Revenue Act of 1978 with respect to such an individual,

upon the filing of an appropriate pleading, the Tax Court may determine whether such a determination by the Secretary is correct. Any such redetermination by the Tax Court shall have the force and effect of a decision of the Tax Court and shall be reviewable as such.

7459(c). Thus, based on the text of section 7436(a), we conclude that we lack jurisdiction to decide the amounts of tax due in cases arising under section 7436.

2.   Section 7436(d)

Section 7436(d)[5] provides that "the principles" of sections 6213(a), (b), (c), (d), and (f), 6214(a), 6215, 6503(a), 6512, and 7481 apply to cases that arise under section 7436. Section 7436(d) does not expressly state that it provides any jurisdiction. However, petitioner contends that the references to several deficiency procedure provisions in section 7436(d) create, or imply that we have, jurisdiction to decide the amount of its employment tax liability for the periods in issue. Petitioner also contends that the references in section 7436(d) are surplusage if we do not have jurisdiction to decide the amount of employment taxes owed for those years.

---

[5] Sec. 7436(d) provides as follows:

(d) Special Rules.--

(1) Restrictions on assessment and collection pending action, etc.--The principles of subsections (a), (b), (c), (d), and (f) of section 6213, section 6214(a), section 6215, section 6503(a), section 6512, and section 7481 shall apply to proceedings brought under this section in the same manner as if the Secretary's determination described in subsection (a) were a notice of deficiency.

(2) Awarding of costs and certain fees.--Section 7430 shall apply to proceedings brought under this section.

We disagree.  Each of the references in section 7436(d) to deficiency procedures can be read to have a rational purpose even if we lack jurisdiction over the amounts in dispute in section 7436 cases.  The following chart briefly describes each provision listed in section 7436(d), and states how the principle of each listed section could apply to a section 7436 case even if we lack jurisdiction to decide amounts of tax due.

| Provisions Listed In Sec. 7436(d) | Possible Application Of Principles Of That Section To Sec. 7436 |
|---|---|
| Sec. 6213(a).  The Commissioner may not assess tax for the years in issue during the time a taxpayer may file a petition or while we have jurisdiction. | The Commissioner may not assess employment tax during the time that the taxpayer may file a petition under section 7436 in this Court, and, if a petition is filed, until the decision is final. |
| Sec. 6213(b).  The Commissioner may assess tax related to mathematical errors on a return, refund adjustments, or any amount paid.  A taxpayer may ask the Commissioner to abate assessment of mathematical or clerical errors. | The Commissioner may assess tax relating to worker classification issues or mathematical errors on a return, refund adjustments, or any amount paid, and a taxpayer may ask the Commissioner to abate the assessment. |
| Sec. 6213(c).  The Commissioner shall assess and collect tax if the taxpayer does not timely file a petition. | The Commissioner shall assess and collect tax related to worker classification issues if the taxpayer does not timely file a petition under sec. 7436. |
| Sec. 6213(d).  A taxpayer may consent to an assessment. | The taxpayer may consent to assessment of employment tax. |
| Sec. 6213(f)(1).  The time to file a petition is suspended if a taxpayer files for bankruptcy under title 11 of the U.S. Code. | The time to file a petition under section 7436 is suspended if the taxpayer seeks relief under title 11. |

| | |
|---|---|
| Sec. 6214(a). We have jurisdiction to redetermine a deficiency in an amount which is greater than the amount stated in the notice of deficiency. | We may decide worker classification claims raised by the Commissioner that are not included in the notice of determination (e.g., a claim regarding the status of additional persons alleged to be employees) if such claims relate to the taxpayer and taxable periods in the notice of determination. |
| Sec. 6512(b). The Commissioner shall credit or refund to the taxpayer any overpayment of tax when our decision becomes final. We have jurisdiction to decide a taxpayer's motion to require the Commissioner to refund an overpayment of tax if the motion is filed more than 120 days after the decision becomes final. | The Commissioner shall recognize the status of workers as decided by the Tax Court. If the Commissioner fails to do so within 120 days after the decision of the Tax Court becomes final, then we may issue an order requiring the Commissioner to do so. |
| Secs. 6215 and 6503. Certain circumstances suspend the running of the time to assess tax (e.g., when the Commissioner mails a notice of deficiency), or cause it to resume running. The Commissioner may assess the deficiency that we redetermine after our decision is final and require the taxpayer to pay that amount on notice and demand. | The running of the time to assess employment tax is suspended while a section 7436 case is pending and resumes when our decision is final. The Commissioner's authority to assess employment tax resumes when the bar to assessment is lifted and the running of the time to assess resumes. |

| Sec. 7481.  Our decision becomes final 90 days after it is entered; when the time to file a petition for certiorari expires if our decision has been affirmed or the appeal dismissed and no petition for certiorari has been filed; a petition for certiorari is denied; or 30 days after the Supreme Court mandates that our decision be affirmed or the appeal dismissed. | A decision under section 7436 becomes final under the same circumstances. |

The principles of each of the deficiency procedure sections listed in section 7436(d) reasonably apply to section 7436 cases even if we lack jurisdiction over amounts in dispute in section 7436 cases.  Thus, section 7436(d) does not create, or imply that we have, jurisdiction to decide the amounts of employment tax due in a case arising under section 7436.

   3.   Application of Small Case Procedures to Cases Arising Under Section 7436

   We will next consider whether references in section 7436(c)[6] to "amounts in dispute" and the small case procedures

_____

   [6]Sec. 7436(c) provides:

      (c) Small case procedures

      (1) In general.--At the option of the petitioner, concurred in by the Tax Court or a division thereof before the hearing of the case, proceedings under this section may (notwithstanding the provisions of section 7453) be conducted subject to the rules of evidence, practice, and procedure applicable under section 7463 if the amount of employment taxes placed in dispute is $10,000 or less for each calendar quarter involved.

      (2) Finality of decisions.--A decision
(continued...)

under section 7463 provide, or imply that we have, jurisdiction under section 7436 to decide amounts of tax due.

A taxpayer may elect to have the small case procedures under section 7463 apply to a case brought under section 7436 if the "amount of employment taxes placed in dispute" is $10,000 ($50,000 after July 22, 1998) or less. Sec. 7436(c)(1). Section 7436(c) does not expressly state that it provides any jurisdiction. However, petitioner contends that section 7436(c)(1) would not require the Court to review the Commissioner's calculation that less than $10,000 ($50,000 after July 22, 1998) is in dispute unless we have jurisdiction to decide the amount of a taxpayer's employment tax liability.

We disagree. We must know the amount placed in dispute to decide whether a taxpayer may elect under section 7436(c) to have the small case procedures of section 7463 apply. However, the fact that we must consider the amount in dispute for that purpose does not provide, or imply that we have, jurisdiction to decide the amount of the taxpayer's employment tax liability for the periods in issue.

------

[6](...continued)
> entered in any proceeding conducted under this subsection shall not be reviewed in any other court and shall not be treated as a precedent for any other case not involving the same petitioner and the same determinations.
>
> (3) Certain rules to apply.--Rules similar to the rules of the last sentence of subsection (a), and subsections (c), (d), and (e), of section 7463 shall apply to proceedings conducted under this subsection.

Section 7436(c)(3) provides that rules similar to those in section 7463(a) (last sentence), (c), (d), and (e) apply to cases under section 7436(c)(3). Each of those rules has a rational purpose. The following chart briefly describes each provision listed in section 7436(c)(3), and states how rules similar to each of those provisions could apply to a case brought under section 7436 even if we lack jurisdiction to decide amounts of tax due.

| Provisions Listed In Sec. 7463 | Possible Application Of The Rules Of That Section To Sec. 7436(c) |
|---|---|
| Sec. 7463(a) (last sentence). We must include a brief summary of reasons for our opinion to comply with secs. 7459(b) and 7460. | We must include similar information in an opinion deciding a case brought under section 7436(c). |
| Sec. 7463(c). If a taxpayer elects to have the small case procedures apply, we may enter a decision only for amounts placed in dispute of $10,000 or less per year ($50,000 after July 22, 1998). | We may not find that more workers were employees or that the taxpayer was eligible for more relief under section 530 of the Revenue Act of 1978 than would cause the amount in dispute to exceed $10,000 ($50,000 after July 22, 1998). |
| Sec. 7463(d). Before a decision is entered, any party may ask that small case procedures not apply if there are reasonable grounds to believe that more than $10,000 is in dispute or was overpaid ($50,000 after July 22, 1998). | Either party may ask that use of the small case procedures be discontinued if the request is made before a decision is entered and if there are reasonable grounds to believe that more than $10,000 ($50,000 after July 22, 1998) is potentially in dispute. |
| Sec. 7463(e). The amount of deficiency in dispute includes additions to tax and penalties. | We must include proposed additions to tax and penalties when calculating the amount in dispute under section 7436(c). |

The rules provided in each of the sections listed in section 7436(c)(3) reasonably apply to section 7436 cases even if we lack

jurisdiction under section 7436 to decide the amounts of employment tax due. Thus, we conclude that section 7436(c) does not provide, or imply that we have, jurisdiction to decide the amount of employment tax due in a case arising under section 7436.

4. Conclusion Based on the Text of Section 7436

Petitioner contends that if we read section 7436(a), (c), and (d) together, section 7436 provides jurisdiction to decide amounts of employment tax liability. We disagree. We see no difference in the meaning of section 7436 whether each subsection is analyzed separately or the entire section is analyzed as a whole. Based on the text of section 7436(a), (c), and (d) we conclude that we lack jurisdiction to decide the amounts of tax due in cases arising under section 7436.

B. Legislative History

Petitioner contends that the legislative history of section 7436 shows that Congress intended for us to have jurisdiction to decide amounts of employment tax liability. We disagree.

Nothing in the legislative history conflicts with our construction of section 7436. The House and Senate committee reports accompanying enactment of section 7436 use the same terms to describe our jurisdiction as appear in section 7436(a). Both reports said that Congress intended to create jurisdiction for us to decide certain employment status disputes, and neither report states that we have jurisdiction to decide amounts in dispute.

H. Rept. 105-148, at 640 (1997); S. Rept. 105-33, at 304 (1997).

The House report states:

<u>Explanation of Provisions</u>

The bill provides that, in connection with the audit of any person, if there is an actual controversy involving a determination by the IRS as part of an examination that (a) one or more individuals performing services for that person are employees of that person or (b) that person is not entitled to relief under section 530 of the Revenue Act of 1978, the Tax Court would have jurisdiction to determine whether the IRS is correct. For example, one way the IRS could make the required determination is through a mechanism similar to the employment tax early referral procedures.[7]

The bill provides for de novo review (rather than review of the administrative record). Assessment and collection of the tax would be suspended while the matter is pending in the Tax Court. Any determination by the Tax Court would have the force and effect of a decision of the Tax Court and would be reviewable as such; accordingly, it would be binding on the parties. Awards of costs and certain fees (pursuant to section 7430) would be available to eligible taxpayers with respect to Tax Court determinations pursuant to the bill. The bill also provides a number of procedural rules to incorporate this new jurisdiction within the existing procedures applicable in the Tax Court.

H. Rept. 105-148, <u>supra</u> at 639-640. The Senate report is essentially the same. S. Rept. 105-33, <u>supra</u> at 304-305.

The last sentence of the explanation states that section 7436 provides several procedural rules to incorporate this new jurisdiction into the existing procedural rules which apply to cases before our Court. H. Rept. 105-148, <u>supra</u> at 640; S. Rept. 105-33, <u>supra</u> at 305; see H. Conf. Rept. 105-220, at 734 (1997).

---

[7] See Announcement 97-52, 1997-2 I.R.B. 22; Announcement 96-13, 1996-12 I.R.B. 33.

The reports do not state that section 7436(c) and (d) provide procedural rules, but it appears that those are the procedural rules referred to in this legislative history.

Petitioner contends that the legislative history for section 7436 shows that we have jurisdiction to decide the amounts of employment tax due for the workers whose status is before the Court. We disagree. The legislative history states that Congress intended that we decide "certain"[8] and not all employment tax disputes, and does not state that we should decide any issues other than those specified in section 7436(a).

C.    Section 7436 Compared to Declaratory Judgment Provisions

Petitioner points out that section 7436 differs in several ways from the declaratory judgment provisions (sections 7428, 7476, 7477, 7478, 7479), and contends that this shows that Congress intended to provide jurisdiction to decide the amounts of employment tax due. Petitioner points out that section 7436 and the declaratory judgment provisions differ in that (1) section 7436(a) uses the term "determination", and the declaratory judgment provisions state "make a declaration"; (2) section 7436 incorporates the principles of several sections that pertain to deficiency procedures, and the declaratory judgment

---

[8] The House and Senate committee reports stated as reasons for change:

> It will be advantageous to taxpayers to have the option of going to the Tax Court to resolve <u>certain</u> disputes regarding employment status. [H. Rept. 105-148, at 639 (1997); S. Rept. 105-33, at 304 (1997); emphasis added.]

provisions do not; and (3) declaratory judgment proceedings are generally based on the administrative record, Rule 217(a), while a proceeding under section 7436 is de novo.  H. Rept. 105-148, supra at 640; S. Rept. 105-33, supra at 304.

Petitioner also points out that we may not know the identity of all taxpayers affected by our decision in a declaratory judgment case.  For example, when we decide that an organization does not qualify under section 501(c)(3), many taxpayers who have made contributions to the organization and are affected by the decision are unknown to the Court.  Petitioner contends that this shows that cases arising under section 7436 are unlike declaratory judgment cases because we know the identity of the taxpayer in a case brought under section 7436.

In response, respondent points out that section 7436 and the declaratory judgment provisions are similar in that, for example, (1) our jurisdiction in a case brought under section 7436 and in a declaratory judgment case is triggered by respondent's issuance of a notice of determination, see secs. 7428(a)(1), 7476(a)(1), 7477(a), 7478(a)(1), 7479(a); (2) section 7436 and the declaratory judgment provisions have as subsection (a) "Creation of remedy" and as subsection (b) "Limitations"; (3) section 7436 and the declaratory judgment provisions specifically require an actual controversy involving a determination by the Secretary; (4) section 7436 and the declaratory relief provisions include "Petitioner" as subsection (b)(1) and have a subsection which

limits the time to file a petition in the Tax Court; and (5) after stating the prerequisites for the type of determination, section 7436 and the declaratory judgment provisions state: "upon the filing of an appropriate pleading, the Tax Court may" decide a specified issue or issues, without specific reference to the amount of tax liability that results from that decision.

Petitioner is right that section 7436 differs in some ways from the declaratory judgment provisions. However, we agree with respondent that section 7436 is more like the declaratory judgment provisions, which specify a subject matter over which we have jurisdiction, but do not state that we may decide the amount of tax due. This contrasts with our deficiency jurisdiction under section 6213, under which we may redetermine the "amount" of tax due. Sec. 6211(a). Thus, a comparison of the declaratory judgment provisions with section 7436 supports our conclusion that section 7436 does not provide jurisdiction to decide amounts of employment tax due.

D.   Whether It Would Be Illogical To Give Us Jurisdiction To Decide Worker Classification Status Without Jurisdiction To Decide Amounts of Tax Due

Petitioner contends that it would be illogical to give us jurisdiction to decide worker classification issues without jurisdiction to decide amounts of tax due. Petitioner points out that if we lack jurisdiction to decide amounts of employment tax due, a taxpayer would be required to go to a second judicial forum to dispute those amounts. Petitioner contends that limiting our jurisdiction violates logic and public policy (e.g.,

the convenience of the parties and judicial economy).  We disagree.  First, we do not acquire jurisdiction from theories based on public policy, convenience of the parties, or judicial economy.  See Trost v. Commissioner, 95 T.C. at 565; Judge v. Commissioner, 88 T.C. at 1180-1181; Axe v. Commissioner, 58 T.C. 256, 259 (1972).  Although petitioner contends that a broader grant of jurisdiction might have provided an additional efficiency regarding the resolution of worker classification disputes, we believe section 7436 does not give us that authority.

Second, section 7436 provides a reasonable and helpful alternative to litigating worker classification cases in other courts even if it does not provide jurisdiction to decide the amounts of employment tax due.  Before section 7436 was enacted, the U.S. District Courts and Court of Federal Claims had refund jurisdiction over employment classification, entitlement to relief under section 530 of the Revenue Act of 1978, and other employment tax issues.  Congress found that disputes with the Internal Revenue Service over worker classification and entitlement to relief under section 530 of the Revenue Act of 1978 have been difficult for many taxpayers and decided to provide for judicial review of these issues before this Court on a prepayment basis.  See sec. 7436(d); H. Rept. 105-148, supra; S. Rept. 105-33, supra.  Once these issues are decided, we believe the parties will be much more likely to reach an agreement about amounts of tax owing, if any.  A Tax Court

decision on worker classification issues will facilitate a final resolution of the controversy.

E. <u>Whether the Attachment of a Consent To Assess Tax to the Notice of Determination Conflicts With Respondent's Contention That We Lack Jurisdiction To Decide the Amount of Employment Tax Due</u>

Petitioner points out that respondent attached a calculation of the amount of tax that petitioner owes to the notice of determination and contends that this is inconsistent with respondent's position that we lack jurisdiction to decide amounts of employment tax due. Respondent contends that the calculation to which petitioner refers is included only to show whether petitioner may elect the small case procedures under section 7436(c). Respondent's explanation is reasonable; a calculation of amounts due is necessary if the small case procedures are to apply for cases in which up to $10,000 ($50,000 after July 22, 1998) is in dispute. The notice of determination and attachments thereto do not create jurisdiction not otherwise provided by statute to decide whether the amount of tax proposed to be assessed is correct.

F. <u>Conclusion</u>

We conclude that we lack jurisdiction under section 7436 to decide the amount of petitioner's employment tax liability for the periods in issue. For the foregoing reasons, we will grant respondent's motion to dismiss for lack of jurisdiction and to strike.

<u>An appropriate order</u>

<u>will be issued</u>.