125 T.C. No. 5

UNITED STATES TAX COURT

SERVICE EMPLOYEES INTERNATIONAL UNION,
Petitioner <u>v</u>. COMMISSIONER OF INTERNAL REVENUE, Respondent

100 OAK STREET CORPORATION, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 8398-04L, 8399-04L.    Filed September 15, 2005.

Ps are qualified labor organizations under I.R.C. sec. 501(c)(5) and are exempt from taxation under I.R.C. sec. 501(a).  Ps did not timely file annual returns required by I.R.C. sec. 6033(a)(1).  R assessed penalties against Ps under I.R.C. sec. 6652(c)(1) for failure to timely file those returns.  Pursuant to I.R.C. sec. 6330(a), R issued notices of determination, attempting to collect the penalties by levy.  Ps filed petitions contesting R's determination.  R filed motions to dismiss for lack of jurisdiction.

<u>Held</u>:  The Tax Court does not have jurisdiction over I.R.C. sec. 6652(c)(1) penalties for purposes of I.R.C. sec. 6330, and R's motions will be granted.

William E. Taggart, Jr., for petitioners.

Michael E. Melone, for respondent.


OPINION


HAINES, Judge:  The matter in these cases is before the Court on respondent's motions to dismiss for lack of jurisdiction (motions).  Respondent's motions present an issue of first impression--whether section 6330(d) vests this Court with jurisdiction over penalties imposed under section 6652(c)(1) on a tax-exempt organization for failure to timely file a complete section 6033(a)(1) return.[1]  For the reasons discussed below, we shall grant respondent's motions.

Background

100 Oak Street Corporation (100 Oak Street) is a wholly owned subsidiary of Service Employees International Union (Service Employees) (collectively referred to as petitioners). Petitioners share the same address, and many of the officers serve in the same capacity for both organizations.  Petitioners are qualified labor organizations under section 501(c)(5) and are exempt from taxation under section 501(a).  Petitioners' principal place of business is Oakland, California.

_____

[1]  All section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

For its taxable year ending June 30, 1998, 100 Oak Street did not file a timely section 6033(a)(1) return. On November 1, 1999, respondent assessed a section 6652(c)(1) penalty of $2,460 against 100 Oak Street for failure to timely file a section 6033(a)(1) return. A notice of deficiency was not issued.

Pursuant to section 6330(a), respondent issued 100 Oak Street a Final Notice of Intent to Levy and Notice of Your Right to a Hearing (notice of intent to levy) on December 18, 2002. A section 6330 hearing requested by 100 Oak Street was held on December 10, 2003.

For its taxable year ending June 30, 1999, Service Employees did not timely file a section 6033(a)(1) return. On April 8, 2002, respondent assessed a section 6652(c)(1) penalty of $50,000 against Service Employees for failure to timely file a section 6033(a)(1) return. A notice of deficiency was not issued.

Pursuant to section 6330(a), respondent issued Service Employees a notice of intent to levy on August 13, 2002. Service Employees requested a section 6330 hearing, which was held on September 10, 2003.

On April 23, 2004, respondent sent each petitioner a Notice of Determination Concerning Collection Actions Under Section 6330, upholding the respective levies. On May 21, 2004, petitioners filed petitions with this Court seeking review of respondent's determinations.

Pursuant to Rule 53, respondent filed the motions to dismiss for lack of jurisdiction against petitioners on July 12, 2004. On October 14, 2004, upon order of this Court, the two cases were consolidated for hearing on the motions to dismiss. The hearing was held on November 29, 2004, in San Francisco, California.

Discussion

Section 6033(a)(1) requires an organization exempt from taxation under section 501(a) to file "an annual return, stating specifically the items of gross income, receipts, and disbursements, and such other information * * * as the Secretary may by forms or regulations prescribe".[2] If the organization fails to timely file a complete section 6033(a)(1) return, the organization is subject to a penalty under section 6652(c)(1) (A).[3] Section 6652(c)(1) penalties are paid on notice and demand

_____

[2] Sec. 6033(a)(2) exempts certain organizations, such as churches and religious organizations, from this filing requirement; no such exceptions are at issue in the present cases.

[3] Sec. 6652(c)(1)(A)(i) provides, in pertinent part:

(A) Penalty on organization.--In the case of--

(i) a failure to file a return required under section 6033 * * * on the date and in the manner prescribed therefor * * *

* * * * * * *

there shall be paid by the exempt organization $20 for each day during which such failure continues. The maximum penalty under this subparagraph * * * shall not
(continued...)

of the Secretary, and in the same manner as taxes.  Sec. 6652(c)(4)(A).

Section 6331(a) provides that, if a person liable to pay any tax neglects or refuses to do so within 10 days after notice and demand, the Secretary can collect the tax by levy upon the property belonging to the person, subject to the notice and fair hearing requirements of sections 6330 and 6331(d).  Pursuant to section 6330(d)(1), after the administrative review process has been completed and the Secretary has issued a notice of determination, the person may appeal that determination within 30 days to this Court.[4]

---

[3](...continued)
exceed the lesser of $10,000 or 5 percent of the gross receipts of the organization for the year.  In the case of an organization having gross receipts exceeding $1,000,000 for any year * * * the first sentence of this subparagraph shall be applied by substituting "$100" for "$20" and, in lieu of applying the second sentence of this subparagraph, the maximum penalty under this subparagraph shall not exceed $50,000.

[4]  Sec. 6330(d)(1) provides in full:

(1) Judicial review of determination.--The person may, within 30 days of a determination under this section, appeal such determination--

(A) to the Tax Court (and the Tax Court shall have jurisdiction to such hear matter); or

(B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States.

(continued...)

The Tax Court has jurisdiction to review lien and levy determinations under section 6330(d)(1) if we have jurisdiction over the underlying tax liability. Sec. 6330(d)(1)(A); Downing v. Commissioner, 118 T.C. 22, 26 (2002); Van Es v. Commissioner, 115 T.C. 324, 327 (2000); Moore v. Commissioner, 114 T.C. 171, 175 (2000). Thus, we must determine whether this Court has jurisdiction over section 6652(c)(1) penalties.

In his motions, respondent argues that this Court does not have jurisdiction over section 6652(c)(1) penalties under section 6330(d)(1). Respondent states: "there has to be a specific grant of authority for the Court to have jurisdiction over the penalty under section 6652(c)(1) * * * . And respondent can find no specific grant of specific authority."

Petitioners contend that this Court does have jurisdiction over section 6652(c)(1) penalties and advance three primary arguments: (1) It is clear from the language of section 6330(d)(1) that Congress intended this Court to have jurisdiction over section 6652(c)(1); (2) this Court's analysis in Downing, finding jurisdiction over section 6651(a)(2) additions to tax, is equally applicable to section 6652(c)(1) penalties; and (3) this

---

4(...continued)
If a court determines that the appeal was to an incorrect court, a person shall have 30 days after the court determination to file such appeal with the correct court.

Court has jurisdiction over many other aspects of petitioners' tax status and should therefore have jurisdiction over the section 6652(c)(1) penalties assessed against them. For purposes of clarity and organization, we shall first address Tax Court jurisdiction generally, followed by an analysis of petitioners' three arguments.

1. The Tax Court Is a Court of Limited Jurisdiction

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. Sec. 7442; Moore v. Commissioner, supra at 175; Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The Tax Court generally has deficiency jurisdiction over income, gift, and estate tax cases. See secs. 6211(a), 6213(a), 6214(a); Downing v. Commissioner, supra at 27; Van Es v. Commissioner, supra at 328. For purposes of section 6330(d), the Court may have jurisdiction over an underlying liability for income, estate, or gift tax even when no deficiency has been determined. Montgomery v. Commissioner, 122 T.C. 1, 7-8 (2004); Downing v. Commissioner, supra at 27-28; Landry v. Commissioner, 116 T.C. 60, 62 (2001). However, Congress did not intend to expand the Court's jurisdiction under section 6330(d)(1) beyond the types of tax over which we normally have jurisdiction. See Van Es v. Commissioner, supra at 328-329; Moore v. Commissioner, supra at 175.

## 2. Section 6330(d)(1) Does Not Expand the Tax Court's Jurisdiction

Petitioners assert that section 6330(d)(1) is a new and independent grant of jurisdiction, that Congress intended this Court to have primary jurisdiction over section 6330 hearings, and "If the limiting language of IRC §6330(d)(1)(B) is examined with an [sic] view to the purpose of the language, it is obvious [section 6652(c)(1)] is a matter over which the Tax Court should insist it has jurisdiction." Petitioners further argue: "If Congress intended to narrowly conscribe the Tax Court's jurisdiction under IRC §6330(d)(1), it could easily have done so. Instead, Congress used the broadest possible language to describe the jurisdiction of the Tax Court under §6330(d)(1)." We disagree.

In Moore v. Commissioner, supra at 175, this Court stated:

> While Congress clearly intended for section 6330 to provide an opportunity for judicial review of collection matters, we interpret section 6330(d)(1)(A) and (B) together to mean that Congress did not intend to expand the Court's jurisdiction beyond the types of taxes that the Court may normally consider. Thus, section 6330(d)(1)(A) and (B) provides for Tax Court jurisdiction except where the Court does not normally have jurisdiction over the underlying liability.

See also Van Es v. Commissioner, supra at 328 (holding that section 6330(d)(1) does not expand the Court's jurisdiction to cover section 6702 frivolous return penalties). Petitioners assert that Congress did not intend such a narrow reading but cite no authority.

Petitioners' assertion that Congress used the broadest possible language to describe this Court's jurisdiction under section 6330(d)(1) is contradicted by the language of the section itself. Section 6330(d)(1)(B) provides that when the Tax Court does not have jurisdiction over the underlying tax liability, the District Courts will instead have jurisdiction. See also sec. 301.6330-1(f)(1), Q&A-F3, Proced. & Admin. Regs.

Therefore, section 6330(d)(1) does not expand this Court's jurisdiction beyond the types of tax we may normally consider. See Van Es v. Commissioner, supra at 328-329; Moore v. Commissioner, supra at 175.

## 3. The Court's Analysis in Downing v. Commissioner Does Not Control the Present Cases

Petitioners next argue that this Court's analysis in Downing v. Commissioner, supra, is equally applicable to the present cases, and using the same rationale, the Court should have jurisdiction over section 6652(c)(1) penalties.

In Downing, this Court considered whether we have jurisdiction over section 6651(a)(2) additions to tax for failure to timely pay the amount shown on a tax return. Downing v. Commissioner, 118 T.C. at 26. The Court stated:

> The Tax Court generally has jurisdiction over income, gift, and estate tax cases for purposes of section 6330(d)(1)(A) because we have deficiency jurisdiction relating to those taxes. * * * Thus, just as we generally have jurisdiction to decide income, gift, and

estate tax cases, <u>we generally have jurisdiction over additions to tax for failure to pay those taxes for purposes of section 6330(d)(1)(A)</u>.  [Emphasis added.]

<u>Id.</u> at 27.

Petitioners argue that the Court's statements in <u>Downing</u>, as quoted above, "could be construed as anticipatory of the precise issue before the [Court]."  Because the penalties involved in the present cases are readily distinguishable from the additions to tax involved in <u>Downing</u>, we disagree.

In <u>Downing</u>, as emphasized above, the Court held that we have jurisdiction over additions to tax for <u>failure to pay</u> income, gift, or estate taxes for purposes of section 6330(d)(1)(A).  <u>Id.</u> at 27-28.  Because section 6651(a)(2) imposes additions to tax for a <u>failure to pay</u> taxes shown on a return, this Court has jurisdiction over those additions.  See <u>id.</u>  However, unlike the additions to tax at issue in <u>Downing</u>, section 6652(c)(1) penalties are not imposed for failure to pay income, gift, or estate taxes, but are instead imposed for the <u>failure to file</u> a section 6033(a)(1) return.[5]  The language in <u>Downing</u> limits the Court's analysis to additions to tax and penalties for failure to pay income, gift, or estate taxes.  Because section 6652(c)(1) does not impose such a penalty, the analysis in <u>Downing</u> does not apply to the present cases.

_____

[5]  This is not to suggest that under sec. 6330(d) we would lack jurisdiction over a sec. 6651(a)(1) addition to tax for failure to file.

Petitioners further argue that section 6652(c)(1) penalties are analogous to 6651(a)(2) additions to tax because "There is a scaling of the penalty * * * that is tied to gross revenue--a more appropriate measure of size for an exempt organization than tax liability."  The section 6651(a)(2) addition to tax is calculated as follows: "there shall be <u>added to the amount shown as tax</u> on such return <u>0.5 percent of the amount of such tax</u> if the failure is for not more than 1 month, with an additional 0.5 percent for each additional month." (Emphasis added.)  The section 6652(c)(1) penalty is calculated as follows:

> <u>$20 for each day</u> during which [failure to file] * * *
> continues.  The maximum penalty under this subparagraph
> * * * shall not exceed the lesser of $10,000 or <u>5
> percent of the gross receipts</u> of the organization for
> the year.  In the case of an organization having <u>gross
> receipts exceeding $1,000,000 for any year</u> * * * the
> first sentence of this subparagraph shall be applied by
> substituting "$100" for "$20" and, in lieu of applying
> the second sentence of this subparagraph, the
> maximum penalty under this subparagraph shall not
> exceed $50,000.  [Emphasis added.]

As is clear from the above-emphasized language, a section 6651(a)(2) addition to tax is directly tied to the amount of tax due.  On the other hand, a section 6652(c)(1) penalty is not tied to the amount of tax due, but instead it is a flat daily rate of accumulation.  While the flat daily rate and the cap on the penalty are scaled depending on the gross revenue of the organization, they are not directly tied to the amount of tax due.  Thus, the manner in which the section 6652(c)(1) penalty

and the section 6651(a)(2) addition to tax are calculated is distinguishable.[6]

For the above stated reasons, we conclude that a section 6652(c)(1) penalty for failure to timely file a section 6033(a)(1) return is not analogous to a section 6651(a)(2) addition to tax for failure to pay the amount shown. Because sections 6651(a)(2) and 6652(c)(1) are distinguishable, the Court's analysis in Downing does not control the present cases.

4. The Tax Court Cannot Extend Its Jurisdiction Based on Policy Arguments

Petitioners finally argue that because this Court has jurisdiction over many other aspects of petitioners' tax status, it should also have jurisdiction over section 6652(c)(1) for purposes of section 6330(d)(1):

> This [Court] has jurisdiction to adjudicate whether a tax exempt organization has unrelated business taxable income pursuant to IRC §512, as well as to determine any penalties in connection with such an assertion, Arkansas State Police Association v. Commissioner, T.C. Memo. 2001-38 * * * as well as any penalties imposed with respect to the return on which the exempt organization either failed to report, or under-reported, its unrelated business income. State Police Association of Massachusetts v. Commissioner, T.C. Memo. 1996-407 * * *

> This [Court] has jurisdiction to adjudicate whether an organization such as Petitioner is entitled to exemption from income tax under IRC §501. If this [Court] concludes that an organization such as

---

[6] Although not argued by the parties, the sec. 6651(a)(1) addition to tax for failure to file a return is distinguishable for the same reason.

Petitioner is not entitled to exemption from income tax pursuant to IRC §501, this [Court] has jurisdiction to determine the amount of income tax to which the organization is subject, including the imposition of penalties. <u>Florida Hospital Trust Fund v. Commissioner</u>, * * * 103 T.C. 140 (1994).

The issue in the present cases is not whether this Court has jurisdiction over different aspects of petitioners' tax status, but whether we have jurisdiction over the section 6652(c)(1) penalty. None of the above-listed instances of jurisdiction relates to the penalty at issue.

In <u>Henry Randolph Consulting v. Commissioner</u>, 112 T.C. 1 (1999), the taxpayer made an argument similar to petitioners'. In that case, the Commissioner determined that the taxpayer's workers were classified as employees for the purposes of Federal employment taxes under section 7436 and assessed employment taxes against the taxpayer. <u>Id.</u> at 2-3. The taxpayer filed a petition with the Tax Court contesting the employment taxes as assessed, and the Commissioner filed a motion to dismiss for lack of jurisdiction. <u>Id.</u> at 1-3. The Tax Court is expressly given jurisdiction to review the classification of workers as employees under section 7436(a), but at the time the case was filed, the Court did not have jurisdiction over employment taxes.[7] See <u>id.</u> at 13-14. The taxpayer argued that, on grounds of judicial

---

[7] Sec. 7436(a) has since been amended by the Consolidated Appropriations Act, 2001, Pub. L. 106-554, sec. 314(f), 114 Stat. 2763A-643 (2000) to confer jurisdiction to determine "the proper amount of employment tax."

economy and convenience to the parties, it was illogical for the Tax Court to have jurisdiction over worker classification but not over employment taxes assessed as a result of that classification. Id. at 12. The Court held that "we do not acquire jurisdiction from theories based on public policy, convenience of the parties, or judicial economy", and granted the Commissioner's motion to dismiss. Id. at 12-14.

In the present cases, petitioners argue that if the Court has jurisdiction over many other aspects of petitioners' tax status, then for convenience to the parties and judicial economy, the Court should also have jurisdiction over any penalties assessed against petitioners. However, as noted above, we may exercise our jurisdiction only to the extent authorized by Congress. Moore v. Commissioner, 115 T.C. at 175; Naftel v. Commissioner, 85 T.C. at 529. We do not acquire jurisdiction from theories based on public policy. See Henry Randolph Consulting v. Commissioner, supra at 12; see also Trost v. Commissioner, 95 T.C. 560, 565 (1990). Therefore, petitioners' public policy arguments are insufficient to allow this Court to exercise jurisdiction over the section 6652(c)(1) penalties.

Conclusion

Petitioners have not pointed to any specific grant of jurisdiction over section 6652(c)(1) penalties, and we can find none. Instead, petitioners' assertion that this Court has

jurisdiction is based on the above-stated arguments, all of which we find unpersuasive.  We agree with respondent that this Court does not have jurisdiction over section 6652(c)(1) penalties for purposes of section 6330(d)(1).  For this and all other reasons stated herein, we shall grant respondent's motions to dismiss for lack of jurisdiction.

We have considered all of petitioners' arguments, and to the extent they are not discussed herein, we conclude that they are without merit or irrelevant.

To reflect the foregoing,

<u>Appropriate orders</u>
<u>of dismissal for lack of</u>
<u>jurisdiction will be</u>
<u>entered</u>.