T.C. Summary Opinion 2008-70

UNITED STATES TAX COURT

MORTEIL WILLIAMS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13284-05S.                    Filed June 19, 2008.

Morteil Williams, pro se.

<u>Roger W. Bracken</u>, for respondent.

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard
pursuant to the provisions of section 7463 of the Internal
Revenue Code in effect at the time the petition was filed.
Pursuant to section 7463(b), the decision to be entered is not
reviewable by any other court, and this opinion shall not be
treated as precedent for any other case.  Unless otherwise

indicated, subsequent section references are to the Internal Revenue Code, as amended.

This case is before the Court on petitioner's request for review of respondent's determination sustaining respondent's intent to levy and the filing of a Federal tax lien with respect to petitioner's 1998 through 2002 income tax liabilities. The issues before the Court are: (1) Whether payments petitioner received in the years in issue are includable in income as pension or annuity payments or whether the payments may be classified as disability payments, and (2) whether respondent abused his discretion in sustaining the lien and levy actions with respect to petitioner's income tax liabilities for taxable years 1998 through 2002.

## Background

Petitioner resided in the District of Columbia when she filed the petition. The parties filed a stipulation of facts, with attached exhibits. We find those facts and incorporate the stipulation by this reference.

Petitioner worked as a teacher for the District of Columbia Public School System (DCPSS). During her employment she filed a disability claim with DCPSS on account of her deteriorating eyesight. In 1996 petitioner retired and began receiving monthly retirement pension annuity payments from DCPSS. These payments continued throughout the years in issue.

Beginning sometime in 1997 or 1998, and in response to notices from respondent, petitioner attempted to have DCPSS recharacterize her retirement annuity payments as disability payments. She was unsuccessful, with the result that DCPSS continued to treat and report her annuity payments as taxable retirement benefits.[1]

Petitioner filed Federal income tax returns for tax years 1998, 1999, 2000, and 2001 on December 6, 2002, and for tax year 2002 on October 17, 2003.[2] Each return reported the retirement annuity as income and reflected a tax owed, but petitioner included no payments with these returns.

Respondent assessed the taxes petitioner reported as owing, plus additions to tax for failure to file timely, failure to pay taxes shown on the returns, and failure to make estimated tax payments.[3]

---

[1] Petitioner brought legal action against DCPSS, seeking to force the reclassification of her annuity payments as disability and not retirement. The lawsuit in the Superior Court of the District of Columbia was dismissed.

[2] Petitioner filed her delinquent Federal income tax returns when she was told by an Internal Revenue Service settlement officer that he could not consider an offer-in-compromise (OIC) to resolve her tax liabilities unless she was compliant with her tax return filing obligations. This occurred during a separate collection due process hearing for tax years 1996 and 1997. The notice of determination from that hearing and tax years 1996 and 1997 are not part of this case.

[3] Respondent did not assess an addition to tax under sec. 6654 for tax year 2002.

On February 11, 2004, respondent filed a notice of Federal tax lien for petitioner's unpaid income taxes for tax years 1998 through 2002.  On February 13, 2004, respondent sent petitioner a Notice of Intent to Levy and Notice of Your Right to a Hearing for tax years 1998 through 2002.  On February 17, 2004, respondent sent petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 for tax years 1998 through 2002.  The Federal tax lien reflected the following unpaid balances:

| Tax Year | Unpaid Balance |
| --- | --- |
| 1998 | $4,701.22 |
| 1999 | 4,788.89 |
| 2000 | 8,652.40 |
| 2001 | 3,836.26 |
| 2002 | 5,636.28 |
| Total | 27,615.05 |

Petitioner submitted a timely Form 12153, Request for a Collection Due Process Hearing.  Petitioner stated that she disagreed with both the notice of Federal tax lien and the notice of intent to levy.  Petitioner asserted that DCPSS forced her to retire and did not give her a disability pension.  Petitioner listed taxable periods 1996 through 2002 in her request. Respondent's Appeals Office notified petitioner that, because respondent had provided petitioner a previous collection hearing

regarding tax years 1996 and 1997, only tax years 1998 through 2002 could be considered.[4]

Respondent's settlement officer reviewed petitioner's file, verified that petitioner was in compliance with the filing of her tax returns, and conducted a telephone hearing with petitioner on March 29, 2005. During the hearing, petitioner requested that respondent reclassify her retirement pension annuity payments as nontaxable disability payments and informed the settlement officer that she had sought reclassification from DCPSS but had so far been unsuccessful. Petitioner expressed interest in filing an offer-in-compromise (OIC). The settlement officer sent her the required forms and set April 15, 2005, as the deadline for petitioner to submit an OIC. Petitioner did not submit any further information regarding reclassification of her income or the required forms to request an OIC or suggest a collection alternative.

On April 26, 2005, the settlement officer verified that he had not received a response from petitioner and concluded that respondent could not reclassify petitioner's income as she had

---

[4] Petitioner's request also mentioned that she had submitted an OIC to resolve all of her pending tax liabilities. The record reflects that petitioner submitted an OIC as part of the earlier collection proceedings (for tax years 1996 and 1997) during which she prepared and filed her delinquent Federal income tax returns. See supra note 2. The record also reflects that this OIC, dated Nov. 1, 2003, was returned to petitioner on Feb. 12, 2004. Thus, as of the date of petitioner's request for a collection hearing, Feb. 19, 2004, respondent was not considering a pending OIC.

requested.  The Appeals officer recommended that the case be closed with the issuance of a notice of determination sustaining the collection actions.

Respondent issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 dated June 17, 2005, which:  (1) Verified that the requirements of all applicable laws and regulations had been met, (2) recited petitioner's unsuccessful challenge to the underlying tax liabilities, (3) determined that the proposed collection actions properly balanced the intrusion on petitioner against the need for efficient collection, and (4) sustained both the filing of the notice of Federal tax lien and the issuance of the notice of intent to levy.[5]

## Discussion

In reviewing the Commissioner's decision to sustain collection actions, where the validity of the underlying tax liability is properly at issue, the Court reviews the Commissioner's determination of the underlying tax liability de

---

[5] After an initial hearing on Oct. 10, 2006, this case was continued to allow petitioner to consult with counsel and submit a new OIC.  The record reflects that petitioner did so consult and did submit an OIC and that respondent considered it. Respondent determined that some of petitioner's claimed expenses were not allowable and that petitioner could pay more than she offered.  Petitioner rejected this increased payment before trial.  At trial, held Feb. 27, 2008, the Court invited the parties to inform it of any settlement reached after trial.  As of the date of this opinion, it appears that the parties remain unable to reach a compromise.

novo.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  The Court reviews any other administrative determination regarding proposed collection actions for an abuse of discretion.  Sego v. Commissioner, supra at 610; Goza v. Commissioner, supra at 182. If the Court finds that a taxpayer is liable for deficiencies and additions to tax, then the Commissioner's administrative determination sustaining the collection action will be reviewed for an abuse of discretion.  See Downing v. Commissioner, 118 T.C. 22, 31 (2002); Godwin v. Commissioner, T.C. Memo. 2003-289, affd. 132 Fed. Appx. 785 (11th Cir. 2005).

Historically, the Tax Court has been a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress.  Sec. 7442; Henry Randolph Consulting v. Commissioner, 112 T.C. 1, 4 (1999); Naftel v. Commissioner, 85 T.C. 527, 529 (1985).  Our jurisdiction in this case is predicated upon section 6330(d)(1)(A), which gives the Tax Court jurisdiction "with respect to such matter" as is covered by the final determination in a requested hearing before the Appeals Office.  See Davis v. Commissioner, 115 T.C. 35, 37 (2000).  "Thus, our jurisdiction is defined by the scope of the determination" that the Appeals officer is required to make. Freije v. Commissioner, 125 T.C. 14, 25 (2005).

At the hearing the Appeals officer is required to verify that "the requirements of any applicable law or administrative procedure have been met."  Sec. 6330(c)(1); see also sec. 6330(c)(3)(A).  The Appeals officer is also required to address whether the proposed collection action balances the need for efficient tax collection with the legitimate concern that any collection action be no more intrusive than necessary.  Sec. 6330(c)(3)(C).  The taxpayer may raise "any relevant issue relating to the unpaid tax or the proposed levy".  Sec. 6330(c)(2)(A).  The taxpayer is also entitled to challenge "the existence or amount of the underlying tax liability" if she "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability."  Sec. 6330(c)(2)(B).

Petitioner did not receive a notice of deficiency or otherwise have an opportunity to dispute the underlying tax liabilities before the March 29, 2005, telephone hearing.[6]  Thus, she may challenge the existence or amount of her underlying tax liabilities for tax years 1998 through 2002.  See Montgomery v.

---

[6] The record indicates that respondent assessed the tax liabilities petitioner reported on her tax returns and did not send her notices of deficiency.  Although the notice of determination references earlier petitions filed by petitioner with the Court, it appears that those cases were dismissed for lack of jurisdiction because the petitions filed were not based upon either notices of deficiency or notices of determination. Petitioner has not had the opportunity to challenge the tax liabilities for 1998 through 2002 in court.

Commissioner, 122 T.C. 1, 7-9 (2004). In both her request for a collection hearing and at the hearing itself, petitioner raised the issue of whether her pension annuity income is taxable. Accordingly, we review respondent's determination as to the underlying tax liabilities de novo.

The only challenge petitioner raised to the underlying tax liabilities at the Appeals hearing and at trial is that her retirement annuity payments should be reclassified as disability payments. Pension and annuity payments are includable in income. Secs. 61(a)(9), (11), 72(a). Generally, however, section 72 does not apply to any amount received as an accident or health benefit, sec. 1.72-15(b), Income Tax Regs., and certain disability payments are excludable from income under section 104. For this reason, petitioner seeks disability classification for the payments from DCPSS.

Petitioner failed to convince DCPSS to reclassify the payments. Respondent determined that the payments constitute retirement annuity payments and are includable in income. Respondent explained to petitioner that he is not authorized to recharacterize the payments. This was the only challenge petitioner posed to the underlying tax liabilities.

Petitioner asks this Court to recharacterize the payments as disability payments. As discussed, we are a court with powers and jurisdiction strictly limited by statute. We have found no

statute that would empower either respondent or the Court to convert petitioner's annuity payments from taxable retirement income to potentially nontaxable disability payments.  The record indicates that petitioner retired from DCPSS in 1996, accepted retirement benefits paid by DCPSS, and reported those payments as retirement income on her 1998 through 2002 Federal income tax returns.[7]  Petitioner indicated that she had a disability claim against DCPSS when she retired, but the fact remains that she did retire and DCPSS did make retirement annuity payments to her throughout the years in issue.

Petitioner has not demonstrated that the annuity payments she received were actually nontaxable disability payments rather than taxable retirement annuity payments.  The Court may not change the character of these payments.  Accordingly, petitioner's challenge to the underlying tax liabilities must fail.

Although provided the opportunity, petitioner did not submit an OIC or raise any other collection alternatives with the settlement officer in the time provided after the collection hearing and before respondent issued the notice of determination

---

[7] Statements made on a tax return signed by the taxpayer have long been considered admissions, and such admissions are binding on the taxpayer, absent cogent evidence indicating that those statements are wrong.  Pratt v. Commissioner, T.C. Memo. 2002-279.

for the years in issue.[8]  We find that the settlement officer verified that the legal and administrative requirements had been met and considered whether the proposed collection actions properly balanced the need for efficient collection against petitioner's legitimate concern that the collection action be no more intrusive than necessary.

On the basis of the record, we conclude that respondent satisfied the requirements of section 6330(c) and did not abuse his discretion in sustaining the notice of Federal tax lien and the notice of intent to levy for tax years 1998 through 2002. Respondent's determination, therefore, is sustained.

To reflect the foregoing,

Decision will be entered

for respondent.

---

[8] As discussed, see supra note 5, after respondent issued the notice of determination and petitioner filed her petition, petitioner submitted an OIC.  Respondent rejected it and made a counteroffer.  Petitioner rejected the counteroffer before trial.